UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:06 MJ 97 |
| ) | (2:06 CR 63) |
| VIKRAM S. BUDDHI ) | |

OPINION AND DETENTION ORDER

At the April 14, 2006 initial appearance, the government requested that the defendant, Vikram S. Buddhi, be held without bond. A detention hearing was conducted on April 19, 2006, and the court now makes the following findings of fact:

1. The defendant currently is charged in a criminal complaint with violations of 18 U.S.C. §§871(a), 879(a), and 844(e). If convicted, the defendant faces a maximum sentence of 35 years in prison.

2. At the detention hearing, the government supplemented the probable cause affidavit with the testimony of Douglas Lehman, a special agent with the Secret Service. The court also has reviewed the prebond report prepared by the United States Probation Department. The defendant proffered evidence.

3. On five separate dates in December 2005 and January 2006, the defendant posted diatribes on the Yahoo! message boards advocating the assassination of President George W. Bush, Vice President Dick Cheney, and their families. In part, the messages were critical of the war in Iraq. (Government Exhs. 1-5)

4. Because the message was a threat against the President, the Secret Service conducted an investigation. After obtaining

records from Yahoo!, it was determined that the message came from an internet protocol address (IP) registered to Purdue University in West Lafayette, Indiana. With the assistance of Scott Ksander, Senior Inforensic Analyst/Engineer in the Computer Forensics Department of Purdue University, it was determined that the message originated from the media access control address (MAC) assigned to the defendant, Vikram S. Buddhi.

    5. During the course of the investigation, it was determined that the defendant had used several IP addresses assigned to other Purdue University students.

    6. On January 18, 2006, the defendant gave a statement admitting that he posted the threatening messages on Yahoo! and that he had used the IP addresses of other students in an effort to conceal his identity.

    7. The Secret Service has seized the defendant's computer. However, the computer was not examined prior to the detention hearing.

    8. The defendant was born in India and came to the United States in 1996 with a student visa. The defendant's student visa has been extended five times and currently expires in May 2006.

    9. The defendant has a valid Indiana driver's license which also expires in May 2006.

    10. The defendant is not married and does not have any children. His parents and his two siblings currently live in India.

11. The defendant has been employed by Purdue University as a part-time math teacher for ten years. The defendant has earned a Masters degree in mathematics from Purdue University and is scheduled to receive another Masters degree in industrial engineering in May 2006. In the proffer, the defendant indicated that he was enrolled at Purdue University for the fall semester to begin studying for his doctorate in electrical engineering.

12. Although the defendant has a valid passport, he has not returned to India during his ten years at Purdue University.

13. The defendant was arrested in March 2000 after an altercation with his roommates, but no formal charges were filed.

At the detention hearing, the government sought to have the defendant detained both as a danger to the community and as a flight risk. After the government presented its evidence, the request to detain the defendant as a danger to the community was denied.

The government has demonstrated by a preponderance of the evidence that the defendant is a flight risk. The defendant is a citizen of India, and his parents and siblings still reside there. Although the defendant has not returned to India for ten years, his only ties to the United States are as a student and employee of Purdue University.

The defendant currently is charged with posting a threat to the President on a Yahoo! message board. It was determined that the defendant misappropriated several IP addresses to conceal his identity. Based upon the pending felony charges and the fact

3

that the defendant used the Purdue University computer system to post his diatribes against the President, it is unlikely that Purdue University will permit him to continue as a student and an employee. The defendant also cannot obtain an extension on his student visa if he loses his status as a graduate student.

If the defendant's ties to Purdue University are severed, he has no reason to remain in the Northern District of Indiana or the United States. Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond. The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**. 18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 24th day of April, 2006

                                        s/ Andrew P. Rodovich
                                          United States Magistrate Judge