UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:06 CR 63 |
| | ) | |
| VIKRAM BUDDHI | | |

MOTION TO CONTINUE TRIAL

Comes now the United States of America by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip Benson, and hereby files its request to continue the trial in the above captioned matter and in support of this request states as follows.

**A.    Background**

On April 13, 2006 a complaint was filed against the defendant alleging violations of Title 18, United States Code, Section 871(a), 879(a), and 844(e). These charges involved threats made against the President, the President's family, the Vice-President, the Vice-President's family, Secretary of Defense Donald Rumsfeld, and additional threats to blow up property located within the United States by means of a explosives. The complaint alleged that the defendant used a computer to post these threats in various chat rooms on the internet.

Simultaneous with the filing of the complaint, a search warrant was executed at the defendant's residence. Recovered from the defendant's residence were numerous computers and external hard drives of varying sizes (see attached Exhibit A, Search Warrant Return).

After executing the Search Warrant on April 13, 2006, the defendant was arrested and taken into federal custody. On April 19, 2006 a detention hearing was held and the defendant was detained by Magistrate Judge Andrew P. Rodovich. On that same day, the grand jury

returned an eleven count Indictment against the defendant. On April 26, 2006, the defendant's arraignment was held and a trial in this matter was set for June 26, 2006 before the Honorable James T. Moody.

At the time of the setting of that trial, the undersigned AUSA was unaware of the voluminous nature of the computer equipment seized in this case. Additionally, at the time of the arraignment, the undersigned AUSA indicated to defense counsel that the undersigned was scheduled to be out of the state of Indiana during the week of June 26, 2006.

Pursuant to 18 USC § 3161(h)(8)(A), the government requests a continuance of the above captioned matter for the following reasons: 1) to allow for the completion by United States Secret Service of the forensic analysis of all of the computer hardware seized in this case, 2) to allow the government continuity of counsel in this complex computer crime case, and 3) to allow the government reasonable time necessary for the effective preparation of this case once the forensic computer analysis is received by the government from the United States Secret Service. The undersigned AUSA has spoken to defense counsel John Martin, who objects to a continuance of this matter.[1]

**B.      Legal Analysis**

The Speedy Trial Act requires that a defendant's trial begins within seventy days from the date of the filing and making public of an indictment, or from the date the defendant appears before the court in which such charge is pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1), unless certain excludable time periods exist.

---

[1] Based upon the defendant's motion filed on May 26, 2006 (R. 15), it is assumed that counsel for the defense will also need additional time to review the results of the computer examination once it is received by the government

The Act excludes, "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The court must state either orally or in writing the reasons for making such a finding. *Id*. The Act sets forth, in 18 U.S.C. § 3161(h)(8)(B), factors which the court shall consider in making such a finding.

Two factors set forth in the Speedy Trial Act justify continuing the current trial date and considering the delay excluded time under the Act.

First of all, the matters set forth in this motion establish that the government will not be able to prepare this case for trial by June 26, 2006. Representatives of the United States Secret Service have indicated to the undersigned that it should take approximately 2-3 more weeks to complete the forensic examination of the defendant's computer hardware. With any additional time needed by the defense to review these findings, neither side could be ready for trial on June 26, 2006.

Clearly a continuance based upon the necessity to obtain a forensic examination of the computer used to convey these threats in interstate commerce and any associated hard drives, is proper. (See *U.S. v. Van Chase*, 137 F.3d 579, 583 (8th Cir. 1998) - Ends of justice best served by granting continuances due to a testing backlog at the FBI labs that prevented the prosecution from obtaining the results regarding the blood and hair samples for several months; *U.S. v. Drapeau*, 978 F.2d 1072, 1073 (8th 1992) - No abuse its discretion in granting the continuance to obtain results of the DNA testing.) The failure to grant a continuance in this case will result in a

3

miscarriage of justice based upon the inability of the United States of America to properly prepare for and try this case. *See* 18 U.S.C. § 3161(h)(8)(B)(I).

Secondly, continuity of counsel is a valid concern under the Speedy Trial Act, and the granting of a continuance to assure continuity of counsel for the United States of America is deemed excludable time under the Act. 18 U.S.C. § 3161(h)(8)(B)(iv) ("the failure to grant ... a continuance would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"); *United States v. Moutry*, 46 F.3d 598 (7th Cir. 1995) (continuance because Assistant U.S. Attorney had travel plans and because the government agent was busy with other trials constitutes excludable time); *United States v. Scott*, 784 F.2d 787 (7th Cir.), *cert. denied* 476 U.S. 1145, 106 S.Ct. 2257, 90 L.Ed.2d 702 (1986) (three week delay while defense counsel was away from her office so that defendant could have continuity of counsel was excludable time).

> The Speedy Trial Act requires that a defendant's trial begin within 70 days of the filing of the information or indictment unless certain excludable periods exist. See 18 U.S.C. § 3161(c)(1), (h). In this case, the district court granted a continuance based on § 3161(h)(8)(A), which authorizes the exclusion of time when the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." One of the factors a court ought to weigh when considering an ends-of-justice continuance is whether the failure to grant it "would unreasonably deny the defendant or the Government continuity of counsel." § 3161(h)(8)(B)(iv). In *United States v. Moutry*, 46 F.3d 598 (7th Cir.1995), we held that the district court did not abuse its discretion in continuing the trial twice for the Government's attorney--because she would be out of the country and because she was involved with another trial. See id. at 601 ("[A]s the Speedy Trial Act specifically provides that continuity of counsel is an acceptable basis for an 'ends of justice' exclusion of time, we find the district court's record acceptable regarding [the prosecuting attorney's] absence."). Having found no abuse of discretion in Moutry, we easily conclude that, here, the district court committed no plain error in tolling the speedy trial clock under § 3161(h)(8)(A).

*United States v. Griffin*, 194 F.3d 808, 824-825 (7th Cir. 1999) (district court move trial date 51 days later because the prosecuting attorney had another trial scheduled to begin that day).

The undersigned Assistant U.S. Attorney is the only individual assigned to prosecute this case, and who has participated in and is familiar with the investigation of this case. The undersigned will be out of the State of Indiana beginning on June 23, 2006 through July 4, 2006.

The granting of a continuance of this trial date in this cause will assure continuity of counsel for the United States of America, and as such is excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161; United States v. Moutry, 46 F.3d 598 (7th Cir. 1995); United States v. Jones, 712 F.2d 1316 (9th Cir. 1983); United States v. Scott, 784 F.2d 787 (7th Cir. 1986.

C.      **Conclusion**

Wherefore, because additional time is needed to complete the voluminous computer hardware examination of the seven hard drives seized in this case, the need for the United States to maintain continuity of counsel in this complex computer crime case, and the need for reasonable time necessary for effective preparation of this case for trial, the ends of justice will best be served by continuing the trial of this cause, and that this continuance outweighs the best interests of the public and the defendant in a speedy trial. (See 18 U.S.C. § 3161(h)(8)(A) and (B)). The failure to grant a continuance in this case will result in a miscarriage of justice based upon the inability of the United States of America to properly prepare for and try this case.

WHEREFORE, the United States of America respectfully requests the Court to continue the trial set for June 26, 2006, and that the Court find that this request for a continuance is excludable time under the Speedy Trial Act, 18 U.S.C. § 3161.

>Respectfully submitted,
>
>JOSEPH S. VAN BOKKELEN
>UNITED STATES ATTORNEY
>
>
> S/ Philip C. Benson
>Philip C. Benson
>Assistant United States Attorney

# *Certificate of Service*

      I hereby certified that May 31, 2006 I filed <u>MOTION TO CONTINUE TRIAL</u> with the Clerk of the Court; such filing to be made to the following:

by electronic filing:

**John E. Martin (john_martin@fd.org )**


and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**


    S/ Sandra M. Clanin

Sandra M. Clanin

Legal Assistant