**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

**v.**                                                 **CASE NUMBER: 2:06 CR 63**

**VIKRAM S. BUDDHI**

    **Defendant.**

**MOTION TO REOPEN DETENTION HEARING**

Comes now the defendant, Vikram S. Buddhi, by counsel, John E. Martin, Northern District of Indiana Federal Community Defenders, and moves the Magistrate Judge to reopen the detention hearing. In support of this motion, the defendant would show the following:

1. That on April 19, 2006, this Honorable Court conducted a detention hearing and, after receiving evidence, found the defendant was not a danger to the community, but found the defendant was a flight risk and denied bail ordering the defendant into pretrial detention.

2. That since the date of the detention hearing, the undersigned counsel has become aware of additional information not previously available to the undersigned counsel at the time of the detention hearing that has a material bearing on the issue of detention. Specifically, the evidence at a re-opened detention hearing would show as follows:

1

a. The defendant has exemplary academic credentials including full time student status for ten years at Purdue University studying in their post graduate mathematics and engineering program while maintaining a cumulative 3.60 grade point average. (See attached Exhibit A1). He received his M.Sc (masters) in mathematics from the Indian Institute of Technology, Bombay where he stood first in his class and received the Gold Medal.

The defendant received the "2002-2003 Excellence in Teaching Award" from Purdue University during the Mathematics Department Award Presentation Ceremony on November 26, 2002. (See attached Exhibit A2)

b. The defendant is ill adapted to pretrial detention having been attacked at least twice with physical injury, and having to be moved from one detention facility to another due to injury.

c. The defendant's father has been granted an emergency visa, and has traveled to the United States and is currently staying in Northwest Indiana for an indefinite period of time in order to assist his son. The defendant's father, B K Subbarao, is a former Indian Navy Captain serving in the Indian Navy from 1963 to 1987. Prior to joining the Indian Navy, Dr. Subbarao received his Bachelor of Electrical Engineering where he stood first in his class in 1963 from Andhra University. During his naval training from 1963-1965, Dr.

Subbarao stood first in the naval training establishment. During his naval career, Dr. Subbarao received, among others, the following awards and medals:

    i.    Five war medals;

    ii.    Herbert Lott Memorial Award (1978). Citation reading "for his inventiveness in improving the fighting devices of the Navy", and;

    iii.    In 1983, Dr. Subbarao received the Lieutenant V. K. Jain Memorial Gold Medal with a citation reading, "Gold medal for his work on computers and development of sophisticated software design techniques."

B. K. Subbarao took voluntary retirement in 1987 at the rank of confirmed Captain.

In 1995, B. K. Subbarao obtained his LL-B (Bachelors of Law degree) from Bombay University. He stood first in Public International Law in the University and received an award for the same. In 1995, he enrolled at Bar Counsel of Maharashtra and Goa, the High Court of Bombay, Roll Number MAH/2283/1995, date of enrollment: August 17, 1995. Dr. B. K. Subbarao joined the Supreme Court of India Bar Association in 1995 and his membership number is L02730.

         Dr. B. K. Subbarao is currently a practicing advocate in the Supreme Court of India, as well in the High Court of Maharashtra, Mumbai. The defendant's father is willing and able to testify as a personal reference for his son, and he is willing to sign as surety on any bond posting property owned in India if requested.

d.     The defendant has been a resident of the United States for ten years studying for his masters degrees and working as a teaching assistant at Purdue University. If the defendant fled the jurisdiction of the court without resolving these matters, he would be a fugitive from justice. In June of 1997, the United States and India signed an extradition treaty making any crime punishable by more than one year an extraditable offense between the nations. If the defendant left the jurisdiction of the court and became a fugitive in India, he would, therefore, be arrested and delivered to the United States. (See Exhibit B)

e.     Because he would be an extraditable fugitive, if the defendant left the jurisdiction of the court, the defendant would be unemployable in the United States and his Country of origin, India, as well, he would not be able to pursue the education he has worked towards while a student at Purdue.

f.     The government has sought and been granted a continuance of the jury trial due to the complexity of the matter thereby necessitating a violation of the 70-day Speedy Trial Rule.

    g.    Purdue University had previously suspended the defendant's student status. However, Purdue University has agreed to review the defendant's student status in the event he is granted bond.

3. That at trial, the defense will contest whether the internet postings were a "true threat" rather than statements which conveyed "mere political hyperbole, innocuous talk, jest, or the like", and not, "a serious expression of intent". *Watts v. United States*, 394 U.S. 705 (1969); *United States v. Hoffman*, 806 F.2d 703, 705 (7th Cir. 1986); and *United States v. Miller*, 115 F.3d 361, 363 (6th Cir. 1997).

4. That the defendant asserts that the additional evidence will persuade the court to reverse its decision regarding bail for the defendant.

WHEREFORE, the defendant, by counsel, petitions this Honorable Court to reopen the detention hearing, and for all other just relief.

    Respectfully submitted,

    Northern District of Indiana
    Federal Community Defenders, Inc.

    By:   s/John E. Martin
          John E. Martin
          219 Russell Street, 6th Floor
          Hammond, IN 46320
          Phone: (219) 937-8020
          Fax:  (219) 937-8021

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

**Philip Craig Benson**
philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

                                                    s/ John E. Martin