UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:06 CR 63 |
| | ) | |
| VIKRAM BUDDHI | | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

Comes now the United States of America by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip Benson, and hereby files its response to the defendant's motion to suppress, and in support of this response states as follows.

The defendant's motion to suppress fails to allege any specific facts supporting the defendant's conclusion that any custodial interrogation conducted of the defendant by law enforcement, was in violation of any of the defendant's constitutional rights. Therefore, the defendant's request for an evidentiary regarding the suppression of his statements to law enforcement should be denied.

The Seventh Circuit has explained that "evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief." *United States v. Coleman*, 149 F.3d 674, 677 (7thCir. 1998). Indeed, "[e]videntiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect

1

the outcome of the motion." *Id.*

The defendant's motion fails to survive this specificity requirement and an evidentiary hearing regarding his motion to suppress should be denied. "An evidentiary hearing is only required when the defendant specifically has alleged a definite disputed factual issue." *United States v. Martin*, 422 F.3d 597, 602 (7th Cir. 2005)(citing *United States v. Wilson*, 169 F.3d 418, 426 (7th 1999)).

Due to Buddhi's failure to specifically allege any definite disputed factual issue, no evidentiary hearing is required or warranted in this instance.

Respectfully submitted,

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY


 S/ Philip C. Benson
Philip C. Benson
Assistant United States Attorney

## *Certificate of Service*

  I hereby certified that July 11, 2006, I filed the **GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO SUPRESS** with the Clerk of the Court; such filing to be made to the following:

by electronic filing:

**John E. Martin** (**john_martin@fd.org** )

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**

                S/ Sandra M. Clanin
                Sandra M. Clanin
                Legal Assistant