UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:06 CR 63 |
| | ) | |
| VIKRAM BUDDHI | | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

Comes now the United States of America by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip Benson, and hereby files its response to the defendant's motion to reopen the detention hearing in this matter, and in support of this response states as follows.

The defendant's motion fails to allege any new evidence which was not known to the defendant at the time the detention hearing was held in this matter. Therefore, the defendant's motion to reopen the detention hearing should be denied.

18 U.S.C. § 3142(f)(2) details the circumstances under which a detention hearing may be reopened. "The hearing may be reopened...at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required...." *Id.*

In support of his efforts to reopen the detention hearing, Buddhi alleges as "new evidence" his 3.6 grade point average, his father's background and moral support in recently

1

traveling to the United States, and his (Buddhi's) extradition status.[1]  Additionally, Buddhi requests a rehearing based upon his difficulties while in detention, his unemployment status if he were to flee, and the government's request for a continuance of this case.[2]  Buddhi fails to indicate how any of these facts constitute new evidence, or evidence which bears on his risk of flight.  What Buddhi raises in his motion is simply not relevant to the issue of detention nor constitutes new evidence.

Testimony of family and friends that a defendant will appear when required to do so is not new evidence. Nor can the length of a defendant's current or potential future detention pending trial be considered since it is not material to the issue of risk of flight or dangerousness. *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991).

In *Hare*, the defendant sought to reopen the detention hearing to have his sister, mother, and a friend testify that he appeared whenever required to do so during prior prosecutions. Hare also sought of offer evidence of his exemplary conduct as an electrician while detained, and of the fact that his pretrial incarceration would last considerably longer than usual. The district court denied this rehearing determining that such evidence was not "new." The First Circuit Court of Appeals upheld the District Court's ruling.

Likewise, in *Dillion*, the defendant sought to reopen the detention hearing to introduce 18 affidavits from those who knew Dillion, including statements from Dillion's father, a police officer, employers, and friends of his family. All of these affidavits assured the court that if

---

[1] Defendants Motion to Reopen Detention Hearing, paragraphs 2(a), 2(c), and 2(d).

[2] Defendants Motion to Reopen Detention Hearing, paragraphs 2(b), 2(e), and 2(f).

2

Dillion was released, he would pose no danger to the community and would return to court when ordered. The letters, including one from a pastor and one from appellant's former hockey coach, generally attested to Dillion's good character.

Dillion also sought to introduce that Dillion's father had offered to post his three-family house as security; the fair market value of the property, according to Dillion's father, was $200,000. The district court denied Dillion's motion for rehearing. In so doing, it rejected the contention that the letters and affidavits were "information ... not known to the movant at the time of the hearing" because the letters and affidavits themselves were not in existence at the time of the hearing.

Clearly, all of that which Buddhi claims as support for a reopening of the detention hearing was available to Buddhi at the time of his detention hearing, or is simply irrelevant. Buddhi merely seeks a proverbial second bite at same apple. Therefore, Buddhi's request for rehearing should be denied.

Respectfully submitted,

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

 S/ Philip C. Benson
Philip C. Benson
Assistant United States Attorney

# Certificate of Service

I hereby certified that July 11, 2006, I filed the **GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** with the Clerk of the Court; such filing to be made to the following:

by electronic filing:

**John E. Martin (john_martin@fd.org )**

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**

                                                    S/ Philip Benson
                                                    Assistant U.S. Attorney