**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**CASE NUMBER: 2:06 CR 63**

**VIKRAM S. BUDDHI**

    **Defendant.**

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

Comes now defendant, Vikram S. Buddhi, by counsel, John E. Martin, and hereby files his Reply to the Government's Response to Defendant's Motion to Reopen Detention Hearing, and in support of this response, states as follows:

1. The government in it's response indicates that the "defendant's motion fails to allege any new evidence which was not known to the defendant at the time the detention hearing was held in this matter". However, the government's aforementioned assertion is incorrect. In fact, this court in finding that the government had demonstrated by a preponderance of the evidence that the defendant was a flight risk found as persuasive the following:

    (a) the defendant was a citizen of India, and his parents and siblings still resided there;

    (b) that the defendant's only ties to the United States were as a student and an employee of Purdue University;

1

(c) that the defendant had misappropriated several IP addresses to conceal his identity;

(d) that it was unlikely Purdue University would permit the defendant to continue as a student and employee; and,

(e) that the defendant cannot obtain an extension of a student visa if he loses his status as a graduate student and that if the defendant's ties to Purdue University were severed, he would have no reason to remain in the Northern District of Indiana or the United States.

2. Since the date of the detention hearing, the defense has found information that was not known to the defense at the time of the hearing as outlined in Defendant's Motion to Reopen Detention Hearing. For example, the defendant did not know that the defendant's father would be granted an emergency visa to travel to the United States and remain until the conclusion of the trial personally assuring the Court that his son will appear to face trial.

As well, the defendant's father can explain to the Court the deep cultural reasons why the defendant will remain and face trial and, if any, the consequences of trial if he were granted bail.

As well, the availability of the defendant's father allows the defense to present credible evidence not available at the time of the original detention hearing to explain the reasons why the defendant's ties to Purdue University should not be severed due to the charges, or in the

event they are severed, the strong reasons the defendant would have to remain in the Northern District of Indiana and the United States.

3. Further, at the time of the detention hearing, the defendant's computer had not been examined. Since the date of the detention hearing, the computer has been examined, and in fact, since the filing of the Defendant's Motion to Reopen the Detention hearing, the defense has received a copy of a forensic report from the Government. The defense filed its motion to reopen detention hearing on June 21, 2006, and the defense was provided with a forensic report on June 26, 2006.

   The defense has had the opportunity to review the forensic report and has found substantial portions of the report missing. Although the report which was received by the defense is incomplete, the defense believes that the report offers new evidence previously not known to the defense which tends to rebut the assertions concerning misuse of IP addresses, misuse of MAC addresses and an alleged peculiar method allegedly used by the defendant to obtain and use said addresses.

4. The defense has indicated to the government its need to have full reports as well as copies of the original image files confiscated by the government. At the time of this filing, the government has not provided said additional information nor image file copies. The government has assured the defense these will be available. Based upon what has been provided, the defense does have enough evidence to present to the court to potentially rebut the government's assertions concerning the computer

3

use presented at the detention hearing.

5. Further, the defendant did not have access to the defendant's academic records at the time of the detention hearing. Since the time of the detention hearing, the defense has procured copies of the academic records from Purdue which the defense would like to submit to the court in conjunction with his other arguments rebutting the finding that the defendant is a flight risk. As well, the defense has assembled published articles concerning the defendant which tend to indicate he is not a risk of flight.

6. The government relies upon two cases outside of the this circuit, both at least 15 years old, to reason to the court that additional evidence should not be allowed to be presented. United States v. Hare, 873 F.2d 796 (5th Cir. 1989) and United States v. Dillon, 938 F.2d 1412 (1st Cir. 1991).

7. In Hare, the court had found that the defendant was a danger and threat to the community. The defendant attempted to reopen the hearing to allow his sister, mother, and a friend to testify that he appeared whenever required to do so during prior prosecutions, and that he had exemplary conduct as an electrician while detained. The court reasoned that "given his past record of narcotics convictions and the seriousness of the present charges, the district court did not abuse its discretion in finding that Hare's work as an electrician and selection of the trustee while in detention was not material to the issue of dangerousness to justify a second hearing." Hare at 799. The facts of the Hare case are completely distinguishable

with our current circumstances.

8. In Dillon, the defendant was charged in a conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana. The magistrate in Dillon found that since the defendant and others were recorded visually and orally attempting to purchase at least 500 pounds of marijuana from undercover drug agents and that $200,000.00 in cash was seized as well as the defendants had represented to undercover agents that they could take as much marijuana as supplied because several millions of dollars in cash were available were of paramount concern to the court as to protecting the safety of the community. In that case, the magistrate did not rely on risk of flight as a factor in detention. In Dillon, the defendant attempted to reopen the detention hearing in order to provide affidavits of people that knew the defendant had an offer of the defendant's father to post his home as security.

    The court in Dillon rejected the defendant's contention that the letters and affidavits were "information ... not known to the movant at the time of the hearing" because the court pointed out that the defendant had sufficient time to obtain affidavits and letters and to arrange the personal appearance of any witnesses prior to the hearing. As well, the court noted that numerous relatives and friends of the defendant had shown up at the originally scheduled hearing. As such, the affidavits and letters were found to be available to the defendant at the time of the original hearing. Dillon at 1415. In our present circumstances, clearly the defendant's

father was in India at the time of the Vikram Buddhi's detention hearing. He was unable to enter the United States until he was granted an emergency visa and able to arrange travel to the United States. He was unable to meet face to face with his son's counsel, and clearly not available to explain the numerous and persuasive reasons why Vikram Buddhi is not a flight risk.

As well, the forensic computer reports were not available to the defense at the time of the detention hearing and, in fact, the government was able to rely on the recitations and speculations of the agent who was available to testify. Since the date of the detention hearing, the defense has procured, as previously explained, at least partial reports.

Further, the defense was unable to procure records from Purdue University prior to the detention hearing.

Finally, the court took note of the defendant's student status in its detention order. Since the date of the detention hearing, new information has arisen concerning the defendant's student status which the defense believes will have persuasive effect upon the court.

## **CONCLUSION**

The defendant would respectfully request this Honorable Court the opportunity to present his additional evidence relevant to his detention, and be allowed to argue for a change in bond status.

Respectfully submitted,

Northern District of Indiana
Federal Community Defenders, Inc.


By:   s/John E. Martin
     John E. Martin
     219 Russell Street, 6th Floor
     Hammond, IN 46320
     Phone: (219) 937-8020
     Fax:   (219) 937-8021


## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:
     **Philip Craig Benson**
     philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:


     s/ John E. Martin