UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                          CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

## MOTION TO DISMISS DUE TO DEFECTIVE INDICTMENT

Comes now Defendant, by counsel, John E. Martin, and requests this Honorable Court to dismiss the eleven count Indictment against the defendant.

## ARGUMENT

I.    The Indictment Neither Alleges All Elements of the Offenses Charged Nor Fairly Informs the Defendant of the Nature of the Charges Against Him and Therefore the Indictment Must Be Dismissed.

An indictment must "(1) state[] the elements of the offense[s] charged, (2) fairly inform[] the defendant of the nature of the charge[s] so that [he] may prepare a defense, and (3) enable[] [the defendant] to plead an acquittal or conviction as a bar against future prosecutions for the same offense[s]." *United States v. Yoon*, 128 F.3d 515, 521-22 (7th Cir. 1997).

Here, the indictment neither sets forth all the elements of 18 U.S.C. §§ 871(a), 879(a), 875(c), and 844(e) nor adequately informs the defendant of the offenses with which he is charged. The indictment merely tracks statutory language to allege that Mr. Buddhi violated §§ 871(a), 879(a), 875(c), and 844(e). The indictment does not include either the words attributed to Mr. Buddhi that the government alleges violate the law or the circumstances within which those

1

words were allegedly written.

The indictment may "set forth the offense in the words of the statute itself if the statutory language unambiguously sets out all the elements necessary to constitute the offense." *Yoon*, 128 F.3d at 522; *see Hamling v. United States*, 418 U.S. 87, 117 (1974) (stating that an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words . . . fully, directly, and expressly . . . set forth all the elements necessary to constitute the offense intended to be punished.").

Where an indictment does not "fully, directly, and expressly" set forth all the elements of the offense but rather merely tracks the statutory language to generally describe the offense, the indictment must include "a statement of the facts and circumstances [such] as will inform the accused of the specific offense . . . with which he is charged." *See* Fed. R. Crim. P. 7(c)(1) (stating that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.").

The statutory language of §§ 871(a), 879(a), 875(c), and 844(e) does not "unambiguously" or "fully, directly, and expressly" set forth all the elements of the offenses. An essential element of the offenses charged is a requirement that the government prove a "true threat." *Watts v. United States*, 394 U.S. 705, 708 (1969); *United States v. Stewart*, 411 F.3d 825, 828 (7th Cir. 2005); *United States v. Viefhaus*, 168 F.3d 392, 395 (10th Cir. 1999).

To establish a "true threat," the government must prove that the statement came "'in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon or to take the life of [another

2

individual].'" *United States v. Hoffman*, 806 F.2d 703, 707 (7th Cir. 1986) (internal citation omitted).

The context within which the statements were allegedly made is therefore an essential fact relevant to proving the "true threat" element of the charged offenses. Here, the indictment contains no facts; it is merely a series of bald assertions that Mr. Buddhi violated §§ 871(a), 879(a), 875(c), and 844(e). Merely asserting that Mr. Buddhi violated §§ 871(a), 879(a), 875(c), and 844(e) on particular dates neither adequately informs Mr. Buddhi of what acts he allegedly committed that the government claims violated the law nor sets forth all elements of the offenses charged. The government did not provide in the indictment either the words attributed to Mr. Buddhi that it alleges violate the law or the factual context within which those words were allegedly made.

WHEREFORE, the indictment fails to "fully, directly, and expressly" set forth all the elements of the offenses charged or adequately inform Mr. Buddhi of the offenses with which he is charged. The indictment is legally deficient and must be dismissed.

        Respectfully submitted,

        Northern District of Indiana
        Federal Community Defenders, Inc.

        By:   s/John E. Martin
             John E. Martin
             31 East Sibley Street
             Hammond, IN 46320
             Phone: (219) 937-8020
             Fax:   (219) 937-8021

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on February 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

              **Philip Craig Benson**
              philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

                                                        s/ John E. Martin