UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA )
)
V. ) CAUSE NO. 2:06 CR 63
)
VIKRAM BUDDHI

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS DEFECTIVE INDICTMENT**

Comes now the United States of America by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip Benson, and hereby files its response to the defendant's Motion to Dismiss Defective Indictment and in support of this response states as follows.

Buddhi challenges the sufficiency of the indictment because the indictment fails to specifically allege the words and context of Buddhi's threat. Buddhi also claims that the indictment is defective because it fails to use the words "true threat" rather than merely the word "threat." Buddhi is mistaken on both counts.

To be sufficient, an indictment must: 1) state all the elements of the crime charged, generally by tracking the statutory language of the offense; 2) adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and 3) allow the defendant to plead the judgment as to a bar to any future prosecutions. *See* Fed. R. Crim. P. 7(c)(1); *U.S. v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003), *United States v. Craig Smith,* 230 F.3d 300, 305 (7th Cir.2000). An indictment is reviewed entirely on a practical basis, rather than in a

"hypertechnical manner." *Id.* Although the indictment must provide some means of pinning down the specific conduct at issue in order to apprise the defendant of the charges, the presence or absence of any particular fact need not be dispositive. *Id.*

In this case, the indictment clearly tracks the statutory language for all of the charged counts. Buddhi claims that the statutory language does not "unambiguously" or "fully, directly, and expressly" set forth all of the elements of the charged offenses. (Def. Mot. Pg.2) A similar claim was dismissed At least one appellate court disagrees.

In *U.S. v. Howell*, 719 F.2d 1258, 1261 (C.A.Tex.,1983), Howell argued that indictment failed to allege an offense because it omitted the word "true" in referring to Howell's threat. In denying the defendant's request for relief, the Court stated;

> "It is well established, however, that an indictment must simply state the essential elements of the offense. Here, the indictment tracks the language of the statute, charging that the defendant "... did willfully and knowingly make an oral [written, in count two] threat to take the life of the President of the United States ...." This description was sufficient to apprise Howell of the charge against him and to avoid exposing him to the risk of double jeopardy. Moreover, the United States proved to the satisfaction of the jury that it was a true threat. Nothing more is required." *Id*. at 1261(citations omitted)

Additionally, Buddhi claims that the government must include in the indictment that exact words which constitute the threat. However, Buddhi cites to no case law to support his claim. The Government has provided to Buddhi copies of the threats posted by him on the internet. Buddhi has even attached these postings in an additional motion to dismiss filed in this cause. (R. 53) In addition to supplying Buddhi with copies of these his internet postings, the government has provided to Buddhi a cloned copy of Buddhi's computer hard drive seized in this case. Buddhi has retained an expert to examine this drive.

Based upon the above, the Government respectfully requests that Buddhi's motion to dismiss be denied.

Respectfully submitted,

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

S/ Philip C. Benson
Philip C. Benson
Assistant United States Attorney

## *Certificate of Service*

I hereby certified that April 13, 2007, I filed the **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS DEFECTIVE INDICTMENT** with the Clerk of the Court; such filing to be made to the following:

by electronic filing:

**John E. Martin (john_martin@fd.org )**

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**

S/ Philip Benson
Assistant U.S. Attorney