UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CAUSE NO. 2:06 CR 63 |
| ) | |
| VIKRAM BUDDHI | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AS A MATTER OF LAW FOR FAILURE TO STATE A CLAIM**

Comes now the United States of America by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip Benson, and hereby files its response to the defendant's Motion to Dismiss as a Matter of Law for Failure to State a Claim in support of its response states as follows.

In his motion, Buddhi asks this court to rule as a matter of law, that his internet postings do not constitute a true threat. Buddhi claims that his internet postings calling for the murder of the President and his wife, the Vice-President and his wife, and the bombing of all facilities setup by "anglosaxons" are, as a matter of law, mere political banter. Therefore, these postings are protected free speech and not a true threat.

With statutes that criminalize "pure speech," the Constitution demands that the speech involved constitute a "true threat" and not constitutionally protected speech. See *Watts v. United States*, 394 U.S. 705, 707(1969). To establish a "true threat," the government must prove that the statement came "in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates a

1

statement as a serious expression of an intention to inflict bodily harm upon or to take the life of [another individual]." *United States v. Stewart,* 411 F.3d 825 *(7th Cir. 2005) citing United States v. Khorrami,* 895 F.2d 1186, 1192 (7th Cir.1990). (quoting *United States v. Hoffman,* 806 F.2d 703, 707 (7th Cir.1986)) (brackets in original). Whether the conveyance contains a "true threat" is an objective inquiry. *United States v. Aman,* 31 F.3d 550, 553 (7th Cir.1994). A communication is a "true threat" if "a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon or to take the life of the President." *U.S. v. Fuller*, 387 F.3d 643, 646 (7th Cir. 2004). In other words, guilt is not dependent upon "what the defendant intended, but whether the recipient could reasonably have regarded the defendant's statement as a threat." *Id.* (quoting *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir.1990)).

Buddhi claims that the court, not a jury, should determine whether or not his postings constitute a "true threat." However, the law does not support Buddhi's position. Whether a statement is a true threat is to be decided by the trier of fact. *United States v. Fuller* 387 F.3d 643 at 646.

"The purpose behind § 871 is not simply to prevent assaults on the President, but also to prevent the threats themselves which curtailed presidential activity. The statute was designed in part to prevent an evil other than assaults upon the President or incitement to assault the President. It is our view that the other evil is the detrimental effect upon Presidential activity and movement that may result simply from a threat upon the President's life." *U.S. v. Aman*, 31 F.3d 550, 555 (7th Cir. 1994) *citing Roy v. United States,* 416 F.2d 874, 877, Fn.7, (9th Cir.1969) Such

rationale easily includes those that incite others to lawless action against the president. See also *U.S. v. Patillo*, 438 F.2d 13, 16 (C.A.Va. 1971).

Clearly Buddhi's postings in a Yahoo financial chat room, which encourage such violent and lawless acts upon the President, Vice-President, and others, are not as a matter of law protected speech. Additionally, whether Buddhi's incitement of others to bomb numerous facilities throughout the United States constitute a "true threat" is a question of fact solely within the province of a jury.

Based upon the above, the Government respectfully requests that Buddhi's motion to dismiss be denied.

Respectfully submitted,

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY


 S/ Philip C. Benson
Philip C. Benson
Assistant United States Attorney

# *Certificate of Service*

      I hereby certified that April 13, 2007, I filed the **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AS A MATTER OF LAW FOR FAILURE TO STATE A CLAIM** with the Clerk of the Court; such filing to be made to the following:

by electronic filing:

**John E. Martin (john_martin@fd.org )**

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**

      S/ Philip Benson
      Assistant U.S. Attorney