UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS DEFECTIVE INDICTMENT

Vikram Buddhi, by counsel, John E. Martin, files this reply to the Government's Response to Defendant's Motion to Dismiss Defective Indictment.

## ARGUMENT

An indictment is "sufficient if it (1) states the elements of the offense charged, (2) fairly informs the defendant of the nature of the charge so that she may prepare a defense, and (3) enables her to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *United States v. Yoon*, 128 F.3d 515, 521-22 (7th Cir. 1997). The Indictment returned in this case is defective because it does not fairly inform Mr. Buddhi of the nature of the charges and does not enable him to plead an acquittal or conviction as a bar to future prosecutions.

The Indictment returned violates three constitutional rights. The Indictment violates "the Sixth Amendment's guarantee that a defendant be informed of the nature of the charges against him." *United States v. Fassnacht*, 332 F.3d 440, 444 (7th Cir. 2003). It fails to "provide enough factual information to enable the

defendant[] to identify the conduct on which the government intends to base its case." *Id.* at 446. Consequently, because the Indictment is so bare, it violates the "Fifth Amendment guarantee of the right to indictment by a grand jury [and] its protection against double jeopardy." *Id.* It allows the government unfettered discretion in choosing facts to prove the threat element of the charged offenses thus permitting the jury to convict Mr. Buddhi for conduct not charged by the grand jury, and also it prevents Mr. Buddhi from raising double jeopardy as a bar to future prosecutions for the same offense.

    Mr. Buddhi's raises the following issues in reply to the government's response. First, the government in its response misstates Mr. Buddhi's argument. Second, the Indictment must stand on its own and therefore it is irrelevant to the sufficiency of the Indictment that the government provided copies of alleged internet postings or a copy of a computer hard drive. *Russell v. United States*, 369 U.S. 749, 770 (1962). Third, "mere tracking of the statutory language is insufficient where additional information is necessary to provide the accused with a clear understanding of the specific charges against him" to enable him to prepare a defense. *United States v. Horton*, 676 F.2d 1165, 1169 (7th Cir. 1982). Finally, an indictment as vague as the Indictment returned in this case allows "a prosecutor to obtain a conviction based wholly on evidence of an incident completely divorced from that upon which the grand jury based its indictment," thus implicating the

defendant's right to indictment by a grand jury and also implicating the defendant's ability to raise double jeopardy as a bar to future prosecutions for the same offense. *United States v. Tomasetta*, 429 F.2d 978, 980 (1st Cir. 1970).

I. The Government in its Response Misstates Mr. Buddhi's Argument.

The government writes that Mr. Buddhi "claims that the indictment is defective because it fails to use the words 'true threat' rather than merely the word 'threat.'" [Government's Response p. 1]. Mr. Buddhi never advanced this argument and does not rely on this claim.

Also, the government writes that "Buddhi claims that the government must include in the indictment that [sic] exact words which constitute the threat" and that "Buddhi cites to no case law to support his claim." [Government's Response p. 2].

The government misstates Mr. Buddhi's argument. Mr. Buddhi did not argue that all indictments that charge offenses under 18 U.S.C. §§ 871(a), 879(a), 875(c), and 844(e) must include the words which constitute the alleged threat. Mr. Buddhi argued that where an indictment merely tracks the statutory language to generally describe the offense, the indictment "must include 'a statement of the facts and circumstances [such] as will inform the accused of the specific offense with which he is charged.'" [Defendant's Motion to Dismiss Due to Defective Indictment p. 2, quoting *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)]. Mr. Buddhi argued

that the facts and circumstances necessary to apprise the defendant *in this case* of the nature of the charges against him include the words allegedly expressed and the context of the alleged expression.

> II. It Is Irrelevant to the Sufficiency of the Indictment that the Government Provided Copies of Alleged Internet Postings and a Copy of a Computer Hard Drive.

The government suggests that it need not provide facts in the Indictment returned in this case because it "has provided to Buddhi copies of the threats posted by him on the internet" and "has provided to Buddhi a cloned copy of Buddhi's computer hard drive seized in this case." [Government's Response p. 2].

The Indictment must stand or fall on its own. Neither a bill of particulars nor any discovery provided by the government can cure a defective indictment. *Russell v. United States*, 369 U.S. 749, 770 (1962) (recognizing the "settled rule that a bill of particulars cannot save an invalid indictment."); *United States v. Josten*, 704 F.Supp. 841, 844 (N.D. IL 1989) (citing *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (recognizing that "the adequacy of notice must be determined from the face of the indictment" and that "neither a bill of particulars nor open discovery can cure an overly vague indictment.").

The Court should analyze the sufficiency of the Indictment without regard to discovery provided by the government.

4

III. In Merely Tracking Statutory Language But Failing to Include Essential Facts Relevant to the Core Element of the Charged Offenses, The Indictment in Mr. Buddhi's Case Fails to Adequately Apprise Mr. Buddhi of the Charges Against Him to Enable Him to Prepare a Defense.

First, the Indictment returned in this case fails to comply with Rule 7(c)(1) of the Federal Rules of Criminal Procedure. Second, the cases the government relies upon in its response support Mr. Buddhi's argument that the Indictment returned fails to adequately apprise him of the nature of the charges. Third, the essential facts relevant to the threat element of the Indictment include the words allegedly expressed and the context of the alleged expression.

In Mr. Buddhi's case, Counts 1, 2, 3, 4, 6, 7, 8, and 9 of the Indictment provide no factual information other than the approximate date of the alleged offenses and names of the public figures allegedly threatened. Counts 5 and 10 of the Indictment provide that the communication was transmitted in interstate commerce. Count 11 provides that the communication was transmitted via the World Wide Web Internet, but does not provide the names of the real property or buildings that the defendant allegedly threatened to damage and destroy.

A. The Indictment Fails to Comply With Rule 7(c)(1) of the Federal Rules of Criminal Procedure.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). This means that the Indictment returned in this case must not only track the "elements" of the statutory language but must also provide the "essential facts" of the

5

elements; that is, the "essential facts constituting the offense charged." The Indictment, in all its Counts, uses the term "did threaten," and it shows that the core element in all the Counts is "threaten." The government tracked this core element from the statutory language and therefore, under Rule 7(c)(1), the Indictment must include the "essential facts" of the core element "threaten."

Rule 7(c)(1) requires the indictment be a "plain" statement, and therefore it is relevant to consider the definition of "threat." "Threat" is defined as follows: "A communicated intent to inflict harm or loss on another . . . ." *Black's Law Dictionary*, 1519 (8th Ed. 2004).

A "communicated intent" may be expressed in many ways. Rule (7)(c)(1) therefore requires that the Indictment provide "essential facts" to specify "the offense charged." In this case, this means that the Indictment must specify the way in which Mr. Buddhi allegedly expressed a communicated intent to inflict harm. The specification of the way in which Mr. Buddhi allegedly expressed a communicated intent to inflict harm must include enough facts to "enable [Mr. Buddhi] to identify the conduct on which the government intends to base its case." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

Under Rule 7(c)(1), the "essential facts" of the element "threaten," therefore, include those facts that would enable the defendant in a particular case to identify the conduct that the government alleges is unlawful. In Mr. Buddhi's case, the facts included in the Indictment are not the "essential facts" relevant to the core element "threaten" that would adequately apprise him of the charges.

B. The Cases the Government Cites in Its Response Support Mr. Buddhi's Argument that the Indictment Returned in this Case Fails to Adequately Apprise Him of the Nature of the Charges to Enable Him to Prepare a Defense.

In its attempts to show sufficiency of the Indictment, the government in its response cited to the following cases: *United States v. Sandoval*, 347 F.3d 627 (7th Cir. 2003), *United States v. Craig Smith*, 230 F.3d 300 (7th Cir. 2000), and *United States v. Howell*, 719 F.2d 1258 (5th Cir. 1983). Having cited *Sandoval* and *Craig Smith*, the government claimed: "In this case, the indictment clearly tracks the statutory language for all of the charged counts," and so made it appear that the Indictment in this case is fully in accord with the Seventh Circuit's opinions in *Sandoval* and *Craig Smith*. [Government's Response p. 2]. In truth, when the guidelines in *Sandoval* and *Craig Smith* are applied to test the sufficiency of the Indictment in this case, the Indictment fails. In addition, *Howell* supports Mr. Buddhi's argument that the Indictment as returned is insufficient.

(i) *United States v. Sandoval*, 347 F.3d 627 (7th Cir. 2003), Applied to the Indictment in Mr. Buddhi's Case.

In *Sandoval* the defendant challenged the sufficiency of the indictment, not for lack of "essential facts constituting the offense charged," but on the grounds of jurisdiction over the subject matter. *Sandoval*, 347 F.3d at 633. The Seventh Circuit reproduced Count 1 of the indictment:

Count one of the indictment alleged all of the elements of the offense by tracking the statutory language:

7

> "Beginning on or about November 30, 1997, and continuing thereafter until on or about December 1, 1997, in the Central District of Illinois and elsewhere, the defendants Marcelo Sandoval and Hector Sandoval, did knowingly and unlawfully seize, confine, kidnap, abduct, carry away, and hold for ransom, reward, and otherwise, Frank Rivas, and did willfully transport said Frank Rivas in interstate commerce between the State of Iowa and the State of Illinois, in violation of . . . ."

*Id.* The Court commented that the indictment "contain[ed] sufficient facts to apprise the defendant of the charges against him, and were also sufficiently specific that he could have pleaded a judgment as a bar to future prosecutions." *Id.* at 634. The Court made clear that the "the indictment must provide some means of pinning down the specific conduct at issue in order to apprise the defendant of the charges." *Id.* at 633. The Court noted the defendant in the case "could claim no specific defect or omission in the indictment in this appeal." *Id.* at 634.

While the indictment in *Sandoval*, within the context of that case, contained the essential facts constituting the offense charged, the Indictment in Mr. Buddhi's case is bare. The Court in *Sandoval* established that mere tracking of statutory language is not sufficient; the indictment must include "sufficient facts" while tracking the statutory language.

The conduct at issue in Mr. Buddhi's case is the threat allegedly made. Though the Indictment tracks statutory language, it lacks essential facts to pin down the conduct that the government alleges violated the law. The Indictment is insufficient when analyzed under the principles articulated by the Seventh Circuit in *Sandoval*.

8

(ii) *United States v. Craig Smith*, 230 F.3d 300 (7th Cir. 2000), Applied to the Indictment in Mr. Buddhi's Case.

The Court in *Craig Smith* reproduced the indictment in the case:

On or about October 30, 1998, at Moline, in Rock Island, in the Central District of Illinois, the defendant . . . did knowingly engage in conduct and thereby cause bodily injury to another person, and did threaten to do so, all with intent to retaliate against that person for documents and objects produced by that person, who was a witness in an official proceeding, that is, a session of the Federal Grand Jury for the Southern District of Iowa, and for information relating to the commission of Federal offenses given by that person to law enforcement officers, namely violation of . . . .

*Craig Smith*, 230 F.3d at 305. The defendant in *Craig Smith* argued that the indictment was insufficient because it was "devoid of any specific allegations as to the conduct engaged in, the bodily injury suffered, the victim's name or identity, the nature of the alleged threat, and the precise location of the offense." *Id.* at 306.

The Court noted that, at a minimum, an indictment must be "sufficiently detailed so that it adequately apprises the defendant of the charges, thereby enabling him to prepare his defense." *Id.* The Court ruled the indictment valid because it "contain[ed] sufficient particulars to put the defendant on notice of the nature of the witness retaliation charge." *Id.* Based on the indictment in *Craig Smith*, the defendant "would have known that he was being charged with witness retaliation for injuring, on October 30, in Moline, Illinois, an individual who gave testimony against him to the Grand Jury . . . relating to the defendant's violations

9

of the Lacey Act." *Id.* The Court noted as significant that "objectively, [the] indictment sufficiently narrowed the category of behavior" to a particular incident. *Id.*

In Mr. Buddhi's case, the Indictment fails to "sufficiently narrow[] the category of behavior" to an identifiable incident. In *Craig Smith*, an individual existed who suffered bodily injury, and this person testified against the defendant at a Grand Jury proceeding. The indictment in *Craig Smith*, considered in the factual context of that case, could reference only a particular incident. Here, in Mr. Buddhi's case, the Indictment references merely "threats" allegedly made. The Indictment could reference any number of statements, oral or written, transmitted via computer or telephone, or person to person discussions, that the defendant could have made on or about the dates in the Indictment. There is no way to know what conduct the Indictment charges as unlawful.

Moreover, the Court in *Craig Smith* noted that "[p]erhaps the best indication that the indictment contained sufficient particulars to adequately inform Smith of the nature of the charge against him is that he does not suggest that he suffered any prejudice as a result of factual deficiencies in the indictment." *Id.*

Here, in failing to pin down the specific conduct at issue in the case, the Indictment has prejudiced Mr. Buddhi's defense. All Counts of the Indictment allege in plain language that Mr. Buddhi himself was going to kill somebody and destroy property. There is no foundation in the record of the case to support the allegations. The internet postings provided by the government contain no

10

statements that the author of the postings himself or herself was going to kill somebody and destroy property.

By simply tracking the statutory language stating Mr. Buddhi "did knowingly and willfully threaten" and by not giving the essential facts related to the element "threaten," as to its form, type, and nature, the Indictment has caused significant prejudice, which includes (1) that Mr. Buddhi has not been adequately apprised of the nature of the charges so that he may prepare a defense, (2) that Mr. Buddhi is not in a position to plead the judgment as to a bar to any future prosecutions, and (3) that there is no means of pinning down the specific conduct at issue.

In his attempt to understand the charges in the Indictment, Mr. Buddhi has had to spend resources trying to find statements that could be construed as conveying that which the Indictment charges - threats that the maker of the threat would himself or herself kill somebody and destroy property. Unlike the defendant in *Craig Smith*, Mr. Buddhi still on the eve of trial must guess at what conduct he needs to defend.

In addition, the bare Indictment allows the government to bring by way of surprise the element of incitement into the offenses, an element not at all present in any of the eleven Counts charged in the Indictment returned in the case. In the government's response to Mr. Buddhi's Motion to Dismiss for Failure to State an Offense, the government claims that Mr. Buddhi's "incitement of others" constitutes the unlawful conduct, whereas the plain meaning of the Indictment suggests that

11

the conduct alleged to be unlawful is the defendant threatening to himself kill and destroy property. In this way, the Indictment has prejudiced Mr. Buddhi's ability to understand the conduct on which the government's case rests. As with *Sandoval*, the principles articulated by the Seventh Circuit in *Craig Smith* establish that the Indictment in this case is insufficient.

    (iii) *United States v. Howell*, 719 F.2d 1258 (5th Cir. 1983), Applied to the Indictment in Mr. Buddhi's Case.

In *Howell*, the indictment charged that the defendant "'did willfully and knowingly make an oral [written, in count two] threat to take the life of the President of the United States . . . .'" *Howell*, 719 F.2d at 1261. Considered in the factual context of the case, "[t]his description was sufficient to apprise Howell of the charge against him and to avoid exposing him to the risk of double jeopardy." *Id.*

The indictment in *Howell*, while tracking the language of the statute, stated facts essential within the context of the case to adequately apprise the defendant of the nature of the charges he had to defend. The indictment pinned down the specific conduct at issue.

In *Howell*, the defendant told an FBI agent during an interview "that he had a .357 caliber pistol and that there were two people he wanted to kill - one of them was the President." *Id.* at 1260. The defendant said, "'I will kill the President if I get a chance.'" *Id.* The defendant later put in written form his threat to kill the president. *Id.* Against the background of this factual record, the Fifth Circuit ruled that an indictment that charged the defendant with "'willfully and knowingly

12

mak[ing] an oral [written, in count two] threat,'" contained essential facts to adequately apprise the defendant of the conduct that he needed to defend. In Mr. Buddhi's case, there is nothing in the record to show that he had said orally or in writing that he would kill anybody or destroy any property. The Indictment in Mr. Buddhi's case does not even note whether the alleged threat was "oral" or "written."

Moreover, in *Howell*, there existed no statements that could be construed as advocacy of any kind. The defendant in *Howell* attempted to claim protection under *Brandenburg v. Ohio*, 395 U.S. 444 (1969), but the Fifth Circuit stated that "[f]ar from attempting to influence others, Howell was merely stating his own unambiguous and apparently quite serious intention to take the life of the President." *Howell*, 719 F.2d at 1260-61.

In sharp contrast, the factual record of Mr. Buddhi's case contains statements that could be construed only as advocacy. There does not exist even one statement in the factual record in which the author of the statement expressed that he or she would kill the President, or any other person, or that he or she would destroy property.

The indictment in *Howell*, considered in the context of the case, contained essential facts that adequately apprised the defendant of the conduct he needed to defend. In Mr. Buddhi's case, where the factual record does not contain what the Indictment in plain language conveys, an Indictment that merely includes the

approximate date of alleged threats and names of public figures allegedly threatened fails to include the essential facts that would apprise Mr. Buddhi of the conduct he must defend.

In sum, the government has no basis for relying on *Howell*. *Howell* supports Mr. Buddhi's argument that the Indictment returned in this case is insufficient.

> C. The Essential Facts Relevant to the Threat Element of the Offenses Charged Include the Words Allegedly Expressed and the Context of the Alleged Expression.

Though an indictment ought not be reviewed "in a 'hypertechnical manner,'" and "'the presence or absence of any particular fact need not be dispositive of the issue,'" an indictment must at least "provide enough factual information to enable the defendant[] to identify the conduct on which the government intends to base its case." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (citation omitted); *see Russell v. United States*, 369 U.S. 749, 764 (1962) (citation omitted) (noting that "[a]n indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute.'").

Here, it is not clear what conduct the grand jury charged as unlawful. In *United States v. Hinkle*, 637 F.2d 1154 (7th Cir. 1981), the Seventh Circuit held as insufficient an indictment that charged the defendant "with knowingly and intentionally using a telephone, on six different days, to facilitate the manufacture, distribution, dispensation or possession with intent to manufacture, distribute or dispense some controlled substances." *Hinkle*, 637 F.2d at 1156. The indictment in

*Hinkle* specified the device used and the dates on which the appellant allegedly unlawfully used the device. The Seventh Circuit in *Hinkle* held the indictment insufficient because it told the defendant "nothing about the gravamen of the alleged offense: what she attempted to facilitate with which controlled substance." *Id.* at 1158.

The Indictment in Mr. Buddhi's case "tells [Mr. Buddhi] nothing about the gravamen of [his] alleged offense[s]": the threat element of the charged offenses. In Mr. Buddhi's case, where the factual record is devoid of any statement that could be construed as indicating that the author of the statement expressed that he or she would kill and destroy property, the words allegedly expressed and the context of the words are essential facts relevant to the "gravamen" of his alleged offenses; they are essential facts that could apprise Mr. Buddhi of the conduct that he needs to defend.

On or about the dates noted in the Indictment, Mr. Buddhi presumably engaged in numerous heated communications concerning political affairs. He presumably did so via the internet, telephone, discussions with friends and strangers, or hand-written statements. Based on Counts 1 through 11 of the Indictment, it is not clear what specific conduct Mr. Buddhi must defend. Given the frequency with which people engage in heated political discussions about political figures, merely providing the approximate date of the alleged offense and name of the individual allegedly threatened "adds little if anything to [Mr. Buddhi's] knowledge of the charges against [him]." *Hinkle*, 637 F.2d at 1158. Moreover, Mr.

15

Buddhi intends to put the government to its burden of establishing that he actually expressed the words that the government alleges are unlawful threats. Because the Indictment does not provide the specific conduct alleged to be unlawful, Mr. Buddhi cannot develop his defense that he did not express the words that the government attributes to him.

The Indictment in this case fails to adequately apprise Mr. Buddhi "'with reasonable certainty, of the nature of the accusation against him.'" *Russell*, 369 U.S. at 765 (citation omitted). In addition, a "corollary purpose to be served by the requirement that an indictment set out 'the specific offence, coming under the general description,' with which the defendant is charged . . . is 'to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.'" *Id.* at 768 (citation omitted). The absence of essential facts in the Indictment not only leaves the defendant insufficiently informed of the charges against him, but also provides no basis for the Court to rule whether the Indictment alleges an offense under the law.

> IV. A Prosecution Under the Indictment Returned in this Case Violates Mr. Buddhi's Fifth Amendment Rights to Indictment By Grand Jury and Protection Against Double Jeopardy.

The "purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). A vague indictment implicates a defendant's right to be tried for an offense that a grand jury charged and a defendant's right to establish a

record to enable him to invoke the double jeopardy bar in any future prosecution for the same offense.

Here, by not including the essential facts of the charged offenses, the Indictment leaves the prosecution "free to roam at large - to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Russell v. United States*, 369 U.S. 749, 768 (1962). The Indictment is of such a nature that a jury could convict Mr. Buddhi "on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.* at 770. This "would deprive [Mr. Buddhi] of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Id.* at 770.

In addition, if a jury acquits Mr. Buddhi of the charges, the Indictment in this case offers no basis for him to raise double jeopardy as a bar to a prosecution for the same offense. The Indictment fails to establish "with accuracy to what extent he may plead a former acquittal or conviction." *Russell*, 369 U.S. at 764. Thus the Indictment permits the government to subvert the grand jury's role and prevents Mr. Buddhi from raising double jeopardy as a bar to a subsequent prosecution.

## CONCLUSION

The core points of Mr. Buddhi's challenge to the sufficiency of the Indictment are as follows:

(1) The Indictment in Counts One to Eleven in plain terms conveys that Mr. Buddhi knowingly and willfully threatened that he would himself kill certain individuals and destroy some unnamed property in violation of 18 U.S.C. §§ 871(a),

17

879(a), 875(c), and 844(e). The internet postings that the government provided do not contain even an iota of evidence to show that the author ever stated that he or she would kill individuals and destroy property. Moreover, any discovery provided by the government cannot cure a defective indictment.

(2) Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the Indictment state the "essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Indictment returned in this case, while tracking the language of the statutes, fails to state the "essential facts" of the core element "threaten."

(3) The Indictment violates the principles articulated by the Supreme Court and Seventh Circuit. The Indictment does not adequately apprise Mr. Buddhi of the nature of the charges so that he may prepare a defense. Moreover, the Indictment fails to pin down the specific conduct at issue. An Indictment that tracks statutory language is deficient "if it does not provide enough factual particulars to 'sufficiently apprise the defendant of what he must be prepared to meet.'" *United States v. Craig Smith*, 230 F.3d 300, 305 (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962)).

(4) The government's failure to comply with Rule 7(c)(1) of the Federal Rules of Criminal Procedure has caused significant prejudice to Mr. Buddhi. Apart from being fundamentally flawed, the Indictment does not enable Mr. Buddhi to plead double jeopardy as a bar to future prosecutions and subverts his right to indictment by a Grand Jury, in violation of the Fifth and Sixth Amendments.

(5) The absence of essential facts in the Indictment allows the government unfettered discretion in choosing facts to prove the threat element of the charged offenses and gives the government the chance to put the hues to the case as it sees fit.

Mr. Buddhi respectfully requests this Honorable Court to dismiss the Eleven Count Indictment due to the defective Indictment.

Respectfully submitted,

Northern District of Indiana
Federal Community Defenders, Inc.

By:   s/John E. Martin
     John E. Martin
     31 East Sibley Street
     Hammond, IN 46320
     Phone: (219) 937-8020
     Fax:   (219) 937-8021

## CERTIFICATE OF SERVICE

I hereby certify that, on May 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

**Philip Craig Benson**
philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

    s/ John E. Martin