UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

## DEFENDANT'S MOTION FOR ATTORNEY VOIR DIRE

Comes now the defendant, Vikram S. Buddhi, by and through his counsel, John E. Martin, and respectfully requests that this court grant this Motion for Attorney Directed Voir Dire. In support of his motion, defendant states as follows:

*Voir Dire* plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored. *Rosales-Lopez v. U.S.*, 451 U.S. 182, 188. Without an adequate *voir dire,* the trial judge's responsibility to remove prospective jurors who will not be bias and impartially evaluate the evidence cannot be fulfilled. *Id.* Because the obligation to impanel an impartial jury lies with the trial judge, and because the discretion in determining how best to conduct the *voir dire. Id.* at 189. Furthermore, Federal Rule of Criminal Procedure 24(a) provides that the trial court may decide to conduct the *voir dire* itself or *may allow the parties to conduct it.* Fed. R. Crim. P. 24(a)(emphasis added).

Although FRCP 24(a) gives wide discretion to the trial court, *voir dire* has little meaning if it is not conducted at least in part by counsel. The Fifth Circuit has

1

found that "the federal practice of almost exclusive *voir dire* examination by the court does not take into account the fact that it is the parties, rather than the court, who have a full grasp of the nuances and the strength and weaknesses of the case." *U.S. v. Ible,* 630 F.2d 389, 395 (5th Cir. 1980); *U.S. v. Price,* 573 F.2d 356, 362 (5th Cir. 1978). Peremptory challenges, for instance, are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes. *See Ible,* 630 F.2d at 395. Experience has proven that in complex federal cases, questioning by counsel is more likely to fulfill the need for impartiality than an exclusive examination in general terms by the trial court. *Id.*

The present case is suitable for attorney directed *voir dire.* First, this case has received extensive media coverage since the government's indictment of the defendant. Second, the allegations involve alleged illegal speech. Third, the defendant is an ethnic minority, and finally, language of the alleged speech was offensive, crude and directed at politicians, political groups and the United States in general. All of these factors may contribute to juror bias to a degree not normally present.

The defendant realizes that attorney *voir dire* may cause a slight delay. However, when balanced against the real possibility of a biased jury and the nature of the alleged prohibited conduct, attorney *voir dire* is the most effective way of insuring a fair trial. To minimize delay, defense would suggest court conducted *voir dire* followed by fifteen minutes of *voir dire* per attorney for the first panel and ten minutes of *voir dire* per attorney for subsequent panels.

WHEREFORE, for all the above and foregoing reasons, the defendant respectfully requests this court to grant this Defendant's Motion for Attorney Voir Dire.

                                          Respectfully submitted,

                                          Northern District of Indiana
                                          Federal Community Defenders, Inc.

                                          By:     S/John E. Martin
                                                  John E. Martin
                                                  31 East Sibley Street
                                                  Hammond, IN 46320
                                                  Phone: (219) 937-8020
                                                  Fax: (219) 937-8021

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

        **Philip Craig Benson**
        philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

                                                S/John E. Martin