UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v().                              CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN REFERENCES AND CERTAIN EVIDENCE

Defendant VIKRAM S. BUDDHI, by counsel John E. Martin, respectfully submits this motion in limine to exclude the following:

(I) any reference at any time through any means to Mr. Buddhi's nationality or residency status in the United States;

(II) the December 21, 2005 posting on the Yahoo Finance message board of the stock with symbol JDSU.

## ARGUMENT

    I.    Mr. Buddhi Requests the Court to Order the Government to Instruct its Witnesses and Attorneys to Refrain from Making Any Reference At Any Time Through Any Means to Mr. Buddhi's Nationality or Residency Status in the United States Because Neither are Relevant Evidence Under Rule 401 of the Federal Rules of Evidence and Even If Relevant, Under Rule 403 of the Federal Rules of Evidence, Any Minimal Relevance Is Substantially Outweighed By the Danger of Unfair Prejudice.

The fact of Mr. Buddhi's nationality or residency status is not evidence that has "any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It is simply irrelevant to any issue in the case. The First Amendment applies equally to citizens and non-citizens alike, *Bridges v. Wixon*, 326 U.S. 135, 148 (1945), and the fact of Mr. Buddhi's nationality or residency status does not affect the jurors' analysis of any element of the offenses charged. Moreover, Mr. Buddhi has resided in the United States for more than ten years and has not returned to his country of origin at any time in that period. He is immersed in United States culture is de facto an American. Evidence of Mr. Buddhi's nationality or residency status is irrelevant; it does not make any fact or assertion that is of consequence to the analysis of the charge more probable or less probable.

Even if such fact has minimal relevance, any relevance is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Mr. Buddhi's appearance suggests that he is of foreign origin. The internet postings that the government attributes to him express crudely worded enmity for the United States government and "anglosaxon" people, who constitute the majority of the population in northern Indiana. A reference to Mr. Buddhi's nationality or residency status would appeal "to racial passion" and this "can distort the search for truth and drastically affect a juror's impartiality." *United States v. Doe*, 903 F.2d 16, 25 (D.C. Cir. 1990). As noted by the Seventh Circuit, "[t]he Constitution prohibits a prosecutor from making race-conscious arguments since it draws the jury's attention to a characteristic that the Constitution generally demands that the jury

ignore." *United States v. Hernandez*, 865 F.2d 925, 928 (7th Cir. 1989); *see also United States ex rel. Haynes v. McKendrick*, 481 F.2d 152, 157 (2nd Cir. 1973) (noting that "[r]acial prejudice can violently affect a juror's impartiality and must be removed from the courtroom proceeding to the fullest extent possible.").

Even without an explicit reference to Mr. Buddhi's nationality or residency status, the risk still is significant of a jury convicting Mr. Buddhi based not on whether the statements constitute "true threats," but on the fact that a person who appears to be a foreigner allegedly posted statements that express a crude, hostile, and perverse enmity toward the United States and its people. The government should not be permitted to capitalize on the irrelevant fact of Mr. Buddhi's nationality or residency status and explicitly sway the passions of jurors.

In addition to requesting that the Court order the government to refrain from referencing Mr. Buddhi's nationality or residency status, Mr. Buddhi requests the Court to order the government to instruct its witnesses and attorneys to refrain from making any such reference. Even an inadvertent or passing reference to Mr. Buddhi's nationality or residency status in opening or closing arguments or a passing reference by a testifying government witness poses a substantial danger of unfair prejudice. If the Court orders the government to instruct its witnesses and attorneys to refrain from making any reference to Mr. Buddhi's nationality or residency status, the risk of an inadvertent reference is reduced.

II. Mr. Buddhi Requests the Court to Exclude From Evidence the December 21, 2005 Posting on the Yahoo Finance Message Board of the Stock With Symbol JDSU Because Such Evidence is Irrelevant Under Rule 401 of the Federal Rules of Evidence and Under Rule 403 of the Federal Rules of Evidence, Any Minimal Relevance is Substantially Outweighed by the Danger of Unfair Prejudice, Misleading the Jury, and Confusion of the Issues.

The indictment in counts one through eleven charges that Mr. Buddhi committed offenses on December 13 and 16 of 2005 and January 17 of 2006. The indictment does not charge Mr. Buddhi with having committed an offense on December 21, 2005. The December 21, 2005 internet posting that the government presented as evidence at Mr. Buddhi's detention hearing is therefore irrelevant to the issue of whether the postings on the other dates constitute offenses. If the posting is introduced as evidence, it would serve only to inflame the passions of the jury and confuse and mislead the jury as to the relevant postings to analyze as potentially unlawful. For the foregoing reasons, Mr. Buddhi respectfully requests the Court to exclude from evidence the December 21, 2005 posting.

Respectfully submitted,

Northern District of Indiana
Federal Community Defenders, Inc.

By:   s/John E. Martin
     John E. Martin
     31 East Sibley Street
     Hammond, IN 46320
     Phone: (219) 937-8020
     Fax:  (219) 937-8021

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

**Philip Craig Benson**
philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:


                            s/ John E. Martin