UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:06 CR 63 |
| | ) | |
| VIKRAM BUDDHI | | |

**GOVERNMENT'S NOTICE OF INTENT TO USE**
**"INEXTRICABLY INTERTWINED" EVIDENCE AND/OR 404(B) EVIDENCE**

Comes now the United States of America, by counsel, Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Thomas S. Ratcliffe, and notifies the Defendant of its intent to offer certain evidence under Rule 404(b) of the Federal Rules of Evidence, and submits this memorandum of law in support of this notice.

**I.      The Evidence the Government Intends to Introduce**

In an attempt to mislead authorities as to the true identity of the individual posting the internet threats which serve as the basis for the charges identified in the indictment, the defendant stole the internet protocol (IP) addresses of other Purdue University students.[1] The acquisition and use of these stolen IP addresses initially led to the identification of a Purdue University student as the possible individual who posted the threatening messages in the Yahoo financial chat room. Further examination of additional computer records at Purdue University revealed that it was the defendant who had stolen numerous IP addresses belonging to other students and then used these when posting these threats.

---

[1] IP stands for Internet Protocol. All computers across the internet are assigned a unique identifier called an IP address. IP addresses are used like street addresses so other computers can locate them. IP addresses are numerical numbers between 0 and 255, separated by periods. For example, an IP Address may look something like: 56.234.22.12.

## II.     The Stolen IP Addresses are Inextricably Intertwined With the Charged Crimes

Acts "inextricably intertwined" with charged crimes are generally admissible; they are "not evidence of 'other acts' within the meaning of Fed.R.Evid. 404(b) and are not subject to the constraints of that rule. *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir.2002) (quoting *United States v. Ramirez,* 45 F.3d 1096, 1102 (7th Cir.1995)); *see also United States v. James,* 464 F.3d 699, 709 (7th Cir.2006) ("If the evidence of other crimes or bad acts provides direct or inextricably intertwined evidence (often referred to as intricately related evidence) of the acts charged, it is not subject to the constraints of Rule 404(b)."). An act is "inextricably intertwined" with the charged crime if it completes the story of the crime, creates a chronological or conceptual void in the story if omitted, helps to explain the circumstances surrounding the charged crime or tends to prove an essential element of the charged crime. *Senffner,* 280 F.3d at 764.

Buddhi's use of stolen IP addresses were part and parcel of his ongoing attempts to engage in posting the threatening internet postings. The evidence will reveal that Buddhi attempted to hide the fact that it was his computer that he was using to post his internet threats. It was through the use of these stolen IP addresses that initially masked the true identity of the computer being used to post these threats. However, unknown to Buddhi, Purdue University had additional electronic data tracking information through which Buddhi's computer was positively identified as having been used to post these threats. Purdue University officials were able to link the time that these stolen IP addresses were used, to a MAC (Media Access Control) address which identified Buddhi as the culprit.[2] The IP address information completes the story of this crime, creates a chronological or conceptual void in the

---

[2] The MAC (Media Access Control) address is a computer's unique hardware number. When you're connected to the Internet from your computer, a correspondence table relates your IP address to your computer's physical (MAC) address on a computer network.

2

evidence is omitted, and helps to explain the circumstances surrounding the charged crime. Therefore, regardless of the constraints of FRE 404(b), such evidence is admissible.

### III. Even if the Stolen IP Addresses are Not Inextricably Intertwined With the Charged Crimes, Rule 404(b) Compels the Admission of this Evidence.

Rule 404(b) of the Federal Rules of Evidence states that:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The admissibility of evidence under Rule 404(b) is governed by a four-prong test. Under Rule 404(b), evidence of other crimes, wrongs, or acts may be admitted when: "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Koen*, 982 F.2d.1101, 1116 (7th Cir. 1992) (quoting *United States v. Lennartz*, 948 F.2d 363, 366 (7th Cir.1991)).

The drafters of Rule 404(b) contemplated the rule would be construed as a rule of inclusion rather than exclusion. *United States v. Scarfo*, 850 F.2d 1015 (3d Cir.), cert. denied, 488 U.S. 910, 1019, 109 S.Ct. 263, 102 L.Ed.2d 251 (1988). "The possible uses of other crimes evidence listed in the Rule – motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake – are not the only proper ones." *Id.* at 1019. The relevant inquiry is not simply whether the 404(b) evidence is probative of intent, but whether the evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988).

Rule 404(b) serves as the foundation for the admissibility of numerous types of uncharged bad act evidence. Evidence which shows "the background of the charges, the parties' familiarity with one another and their concert of action" is admissible under 404(b). *United States v. O'Leary*, 739 F.2d at 136 (3rd Cir. 1984). Evidence of prior bad acts is admissible under Rule 404(b) "when those acts show the formation of the conspiracy or the prior relationship between conspirators." *United States v. Prevatte*, 16 F.3d 767, 776 (7th Cir.1994); *see also United States v. Sanders*, 979 F.2d 87, 90 (7th Cir.1992) (holding testimony admissible as showing context of relationship with co-conspirator prior to conspiracy); *United States v. Traitz*, 871 F.2d 368, 389 (3d Cir.) (holding uncharged acts of violence evidence of "'the background of the charges, the parties' familiarity with one another and their concert of action'") (quoting *United States v. O'Leary*, 739 F.2d 135, 136 (3d Cir.1984)), cert. denied, 493 U.S. 821, 110 S.Ct. 78, 107 L.Ed.2d 44 (1989).

Rule 404(b) also allows for the introduction of other uncharged acts to prove "modus operandi." *United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir 2002) (Defendant's previous use of same address, payee, Mailbox Etc., location, and method of depositing stolen credit card access checks into accounts admissible in current fraud trial). *United States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002) (Defendant's use of similar disguise and method of operation in previous bank robbery admissible in current bank robbery trial).

Attempts to conceal one's true identity are also admissible under Rule 404(b) to prove knowledge and intent. *U.S. v. Kloock*, 652 F.2d 492 (C.A.Fla., 1981) (Possession of false driver's license admissible to prove intent in prosecution for possession of cocaine - One who carries false identification is often likely to have some illicit motive for doing so). *U.S. v. Wint*, 974 F.2d 961 (8th Cir. 1992) (Use of false names admissible to show involvement in cocaine trafficking was knowing and intentional).

Buddhi's use of stolen IP addresses to conceal his computer's identity is no different from a defendant who uses a false ID to hide his identity while committing a crime. The false ID attempts to hid the identity of the perpetrator. In Buddhi's case, the stolen IP addresses were an attempt by Buddhi conceal the identity of his computer, and ultimately Buddhi himself. Such evidence if highly relevant and probative as to Buddhi's motive, intent, plan, and knowledge.

## IV.     Conclusion

The government respectfully requests that the evidence identified above be admitted to show the defendant's knowledge, intent, motive, and plan, as it relates to the current charges in the indictment.

Respectfully submitted,

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By:   /s/ Philip C. Benson
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I filed the foregoing with the Clerk of Court using the EC/CMF system which sent notification of such filing to the following:

**John Martin**

/s/ Philip C. Benson
Assistant U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320