UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:06 CR 63 |
| | ) | |
| VIKRAM BUDDHI | | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY VOIR DIRE

Comes now the United States of America, by counsel, Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip C. Benson, and hereby files it response to the "Defendant's Motion for Attorney Voir Dire and in support of its response states as follows:

The Federal Rules provide that a trial judge *may* examine prospective jurors himself, or in the alternative *may* permit the attorneys for the parties to conduct the examination. Fed.R.Crim.P. 24(a)(1). In the majority of federal criminal cases, as it turns out, the trial judge chooses to conduct voir dire himself. *See* 9 Moore's Federal Practice § 47.10[3][e][I] (3d ed.2006). If he does so, the judge is required to permit the attorneys to "ask further questions *that the court considers proper,*" or to "submit further questions that the court *may* ask *if* it considers them proper."Fed.R.Crim.P. 24(a)(2) (emphasis added). In other words, although a trial judge who chooses to conduct voir dire himself must at the very least solicit questions from both parties' attorneys, he is by no means *required* to ask these question unless he deems them "proper" or otherwise helpful to the voir dire process. *See, e.g., Rosales-Lopez,* 451 U.S. at 189 ("Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, and

1

because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the voir dire."); *United States v. Aloi,* 9 F.3d 438, 441 (6th Cir.1993) ("Federal trial judges have broad discretion in determining what questions to ask during voir dire.").

In his motion for attorney voir dire, Buddhi claims that this case is suitable for attorney voir dire because alleged juror bias exists to a degree not normally present in other cases.(R. 69-pg.2: Def. Mot. For Atty. Voir Dire). Implicit in this assertion is a claim that court conducted voir dire is incapable of discerning prospective juror bias. Such is not the case. This court has long conducted its own voir dire. During the court conducted voir dire process, this court has routinely allowed the parties to supplement voir dire by either filing requested voir dire questions in advance of trial or by allowing in-court supplemental voir dire by approaching the bench and requesting that relevant follow-up questions be asked. The government sees no reason based upon the facts of this case to deviate from this long-standing court practice.

The government respectfully requests that the defendant's request for attorney voir dire be denied.

Respectfully submitted,

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: /s/ Philip C. Benson
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 18, 2007, I filed the foregoing with the Clerk of Court using the EC/CMF system which sent notification of such filing to the following:

**John Martin**

/s/ Philip C. Benson
Assistant U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320