UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                 CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

## DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO USE "INEXTRICABLY INTERTWINED" EVIDENCE AND/OR 404(b) EVIDENCE

Defendant VIKRAM S. BUDDHI, by counsel John E. Martin, files this Response to Government's Notice of Intent to Use "Inextricably Intertwined" Evidence and/or 404(b) Evidence. In support, Mr. Buddhi respectfully submits the following:

### ARGUMENT

Mr. Buddhi raises three issues. First, there is insufficient evidence to support a jury finding that Mr. Buddhi "stole" internet protocol (IP) addresses and therefore evidence that he "stole" IP addresses is inadmissible under Rule 404(b) of the Federal Rules of Evidence. Second, even if there is sufficient evidence to support a jury finding that Mr. Buddhi "stole" IP addresses or even if such evidence is "inextricably intertwined" with the charged acts, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. A way to reduce unfair prejudice and thereby admit the evidence is to refer to the conduct as

the "unauthorized use of IP addresses" instead of as the "stealing" of IP addresses. Third, any evidence that Mr. Buddhi used IP addresses without authorization or "stole" IP addresses is probative only of whether Mr. Buddhi knowingly caused the postings at issue to appear on a Yahoo! message board. Therefore, if the Court rules that evidence is sufficient to support a jury finding that Mr. Buddhi used IP addresses without authorization or "stole" IP addresses or that such evidence is "inextricably intertwined" with the charged acts, and also that such evidence is not substantially outweighed by the danger of unfair prejudice, Mr. Buddhi requests the Court limit the government's use of the evidence to showing that Mr. Buddhi knowingly caused the postings to appear on a Yahoo! message board.

**I. There is Insufficient Evidence to Support a Jury Finding that Mr. Buddhi "Stole" Internet Protocol (IP) Addresses, and Therefore Evidence that He "Stole" IP Addresses is Inadmissible Under Rule 404(b) of the Federal Rules of Evidence.**

The government writes that it intends to introduce evidence that Mr. Buddhi "stole the internet protocol (IP) addresses of other Purdue University students." (Government's Notice at 1.) The government later writes that examination of computer records "revealed that it was the defendant who had stolen numerous IP addresses belonging to other students." (Government's Notice at 1.) The government repeatedly refers to stolen IP addresses. (Government's Notice at 1, 2, 5.)

The government may introduce evidence of other bad acts "if it (1) is relevant to a matter other than the defendant's propensity to commit a crime; (2) is similar and close enough in time to be relevant to the matter at issue; (3) is sufficient to

2

support a jury finding that the defendant committed the similar act; and (4) has a probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Knox*, 301 F.3d 616, 619 (7th Cir. 2002).

Here, there is not sufficient evidence to support a jury finding that Mr. Buddhi "stole" IP addresses of other students. There is no basis in law to claim that he "stole" IP addresses. Indiana law defines theft as follows: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of its value or use, commits theft, a Class D felony." Indiana Code 35-43-4-2(a).

First, it is not clear that an internet protocol address is "property" subject to theft law; an IP address is not "anything of value" to which another person has "a possessory or proprietary interest." Indiana Code 35-41-1-23. Second, even if an IP address is property for purposes of the theft statute and even if the government could show that Mr. Buddhi used IP addresses without authorization, there is no evidence that Mr. Buddhi intended to deprive other persons of their value or use. A person can exert control over another's IP address without depriving the other person of anything. At most, the individual who engaged in the activity described by the government used IP addresses without authorization. Such conduct is not "theft" and is not accurately described as "stealing." Assuming that an IP address could be construed as "property," a more appropriate description of the conduct alleged is conversion, which is defined under Indiana law as follows: "A person who knowingly or intentionally exerts unauthorized control over property of another

3

person commits criminal conversion, a Class A misdemeanor." Indiana Code 35-43-4-3(a).

In sum, even if Mr. Buddhi engaged in the activity described by the government, the evidence does not support a jury finding that Mr. Buddhi "stole the internet protocol (IP) addresses of other Purdue University students." (Government's Notice at 1.) The use of the verb "steal" or adjective "stolen" to label the conduct the government ascribes to Mr. Buddhi is not supported in law. Evidence that Mr. Buddhi "stole" IP addresses is therefore inadmissible as 404(b) other acts evidence.

## II. Even if There is Sufficient Evidence to Support a Jury Finding that Mr. Buddhi "Stole" Internet Protocol Addresses or Even If Such Evidence is "Inextricably Intertwined" With the Charged Acts, the Probative Value of Such Evidence is Substantially Outweighed By the Danger of Unfair Prejudice.

Evidence is unfairly prejudicial if it "'caus[es] a jury to base its decision on something other than the established propositions in the case.'" *Carter v. Hewitt*, 617 F.2d 961, 972 (3rd Cir. 1980). The government repeatedly refers to the IP addresses as "stolen" and writes that Mr. Buddhi "stole the internet protocol (IP) addresses of other Purdue University students." (Government's Notice at 1.)

The government's repeated use of the word "stolen" and its allegation that Mr. Buddhi "stole" diverts the jury's attention from the relevant issue. The issue is whether or not Mr. Buddhi knowingly caused the postings to appear on a Yahoo! message board. The issue is not whether he intended to deprive others of the use of IP addresses. In using the word "stolen" to discuss the knowingly element of the

4

charged offenses, the government attempts before the jury to shroud Mr. Buddhi in criminality so that the jury will then infer that the content of the postings is similarly shrouded in criminality; that is, the government wants the jury to hear that Mr. Buddhi "stole" IP addresses so that the jury will then infer that there existed a criminal purpose to the content of the postings. It is unfairly prejudicial to permit the jury to infer that because Mr. Buddhi allegedly used IP addresses without authorization, or "stole" IP addresses, that he had criminal motive for the content of the postings he allegedly made. It is more likely that the individual who posted the messages hid his or her identity in order to prevent those who found the postings offensive from tracing the messages and retaliating with violence.

It is appropriate for the Court to deal with the danger of unfair prejudice by compromise. *See Gray v. Genlyte Group, Inc.*, 289 F.3d 128, 139 (1st Cir. 2002) (noting that in sexual harassment case, district court appropriately forbade victim from testifying that the reason she feared the alleged harasser was that she had heard that alleged harasser had severely beaten and injured his wife, and instead permitted victim to testify only that she had heard "something" that increased her fear).

In this case, it is an appropriate compromise to forbid the government from referring to the IP addresses as "stolen" or alleging that Mr. Buddhi "stole" IP addresses and instead permit the government only to refer to the alleged conduct as the "unauthorized use of IP addresses." Therefore, whether evidence that Mr. Buddhi allegedly used IP addresses without authorization is admitted as

5

"inextricably intertwined" evidence or as Rule 404(b) evidence, Mr. Buddhi respectfully requests the Court to permit the government to refer to the conduct described above only as the "unauthorized use of IP addresses."

### III. Any Evidence that Mr. Buddhi Used IP Addresses Without Authorization or "Stole" IP Addresses is Probative Only of Whether Mr. Buddhi Knowingly Caused the Postings to Appear on a Yahoo! Message Board.

In its Notice of Intent, the government writes that "Buddhi's use of stolen IP addresses to conceal his computer's identity is no different from a defendant who uses a false ID to hide his identity while committing a crime." (Government's Notice at 5.) Therefore, the government claims, evidence that Mr. Buddhi allegedly used IP addresses without authorization should be admitted "to show the defendant's knowledge, intent, motive, and plan, as it relates to the current charges in the indictment." (Government's Notice at 5.)

Mr. Buddhi concedes that evidence that he allegedly used IP addresses without authorization can be used to show that he knowingly caused the postings to appear on the Yahoo! message board. However, such evidence cannot be used to show intent, motive, or plan.

When the government seeks to introduce evidence under Rule 404(b) of the Federal Rules of Evidence, the specific purpose for which the evidence is offered and the inferences to be drawn therefrom should be articulated. *United States v. Youts*, 229 F.3d 1312, 1318 (10th Cir. 2000). The analysis is case specific. In a particular case, evidence that a defendant used false identification may show knowledge, from

which certain inferences could be drawn, but it is not so in every case.

The government cites to *United States v. Klook*, 652 F.2d 492 (5th Cir. 1981), where the Fifth Circuit said that "[o]ne who carries false identification is often likely to have an illicit motive for doing so." *Klook*, 652 F.2d at 495. The Fifth Circuit said that "from [the fact that the defendant carried false identification] the jury could infer that [his] possession of cocaine was knowing." *Id.* The court in *Klook* did not say that evidence of false identification permitted a fact finder to infer a motive, intent, or plan for the possession of the cocaine.

In Mr. Buddhi's case, if the government establishes that he used IP addresses without authorization, the only inference that could be drawn is that he knowingly caused the messages to appear on the Yahoo! message board. Such evidence does not permit an inference concerning any alleged intent, motive, or plan. The cases the government cites establish only that a defendant's attempts to hide his identity permit an inference that he had knowledge of the illicit activity; that the motive for possessing the false identification was to hide the fact that he had knowledge of the illicit activity. Evidence of false identification, however, does not permit a fact finder to infer a motive, intent, or plan for the underlying charged offense. The government cites no case law to support otherwise.

The government wants the jury to infer that Mr. Buddhi used IP addresses without authorization to post the messages because he wanted "to mislead authorities." (Government's Notice at 1.) And from this inference the government then wants the jury to infer that the content of the postings had a criminal purpose.

7

These are not valid inferences. It is more likely that an individual who masks his or her identity on a public message board does so in order to avoid being traced by those who would respond to the content of the messages with violence. The only valid inference to draw from such evidence is that Mr. Buddhi knowingly caused the messages to appear on the Yahoo! message board. Therefore, if the Court rules that evidence that Mr. Buddhi allegedly used IP addresses without authorization is admissible either as "intrinsically intertwined" evidence or Rule 404(b) evidence, Mr. Buddhi respectfully requests the Court to permit the government to use the evidence only to show that Mr. Buddhi knowingly caused the messages to appear on the Yahoo! message board.

## CONCLUSION

The core points of Mr. Buddhi's Response are as follows:

(1) There is insufficient evidence to support a jury finding that Mr. Buddhi "stole" internet protocol (IP) addresses and therefore evidence that he did so is inadmissible as Rule 404(b) other acts evidence.

(2) Even if there is sufficient evidence to support a jury finding that Mr. Buddhi "stole" IP addresses or assuming such evidence is "inextricably intertwined" with the charged acts, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. A way to reduce unfair prejudice and admit the evidence is to forbid the government from referring to the conduct alleged as "stealing" or to the IP addresses as "stolen" and instead require the government to refer to the conduct as the "unauthorized use of IP addresses."

(3) Any evidence that Mr. Buddhi used IP addresses without authorization is probative only of whether he knowingly caused the messages to appear on a Yahoo! message board. Respectfully, the Court should not permit the government to use such evidence to show intent, motive, or plan, and should limit the government's use of such evidence to proving knowledge.

          Respectfully submitted,

          Northern District of Indiana
          Federal Community Defenders, Inc.


      By:   s/John E. Martin
            John E. Martin
            31 East Sibley Street
            Hammond, IN 46320
            Phone: (219) 937-8020
            Fax:  (219) 937-802

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

**Philip Craig Benson**
philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:


                                                s/ John E. Martin