UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:06 CR 63 |
| | ) | |
| VIKRAM BUDDHI | | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION
IN LIMINE TO EXCLUDE CERTAIN REFERENCES AND CERTAIN EVIDENCE**

Comes now the United States of America, by counsel, Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip C. Benson, and hereby files it response to the Defendant's Motion in Limine to Exclude Certain References and Certain Evidence, and in support of its response states as follows:

In the defendant's motion in limine, the defendant requests that the government be prohibited from referring to Mr. Buddhi's nationality or residency status in the United States because neither are relevant evidence to the facts at issue in this cause. Additionally, the defendant requests that a December 21, 2005 posting on a Yahoo financial message board with the stock symbol JDSU be excluded on grounds of irrelevancy.

The government has no objection to the defendant's request prohibiting the government or any of the government's witnesses from referencing Mr. Buddhi's nationality or residency status. The government will instruct its witnesses accordingly.

The government objects to the defendant's motion in limine seeking to exclude from evidence a posting made by the defendant in the Yahoo financial JDSU message board in which the defendant states that "It is now legal under international law to bomb key sites in the USA." The defendant claims that since the government did not charge that specific day of threats in the

1

Indictment that this evidence should not be admissible even though it falls squarely within the time frame charged in the other counts of the Indictment.

Attached as Exhibit A is the posting which the defendant seeks to exclude from evidence on grounds of relevancy. When compared to the January 17, 2006 (attached Exhibit B) which is charged as a count in the Indictment, the two are closely related. The December 21, 2005 posting should be admissible to show the defendant's motive and intent behind the postings of the charged counts. In government's Exhibit B, paragraph 3, the defendant urges the bombing and destruction of Anglo-Saxons' power plants, roads, bridges, nuclear power plants, water supply, commerce buildings, etc. The posting made by the defendant on December 21, 2005 and uncharged in the Indictment appears to explain the defendant's legal theory as to why he thinks this is appropriate. In the December 21, 2005 posting the defendant claims that he can engage in this type of conduct because "It is now legal under international law to bomb key sites in the USA."

Since the time frame for the uncharged posting, December 21, 2005, fall squarely within the time frame for the counts charged in the Indictment and pertain to the same subject matter and helps to explain the defendant's intent and motive in the subsequent January 17, 2006 posting, such evidence should be properly admissible as inextricably intertwined or under Rule 404(b).

                Respectfully submitted,

                JOSEPH S. VAN BOKKELEN
                UNITED STATES ATTORNEY

By:   S/ Philip C. Benson
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

   I hereby certify that on June 21, 2007, I filed the foregoing with the Clerk of Court using the EC/CMF system which sent notification of such filing to the following:

**John Martin**

                S/ Sandra M. Clanin
                Sandra M. Clanin
                Legal Assistant