UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                              CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO THE
DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

Defendant VIKRAM S. BUDDHI, by counsel John E. Martin, respectfully submits this reply to the government's response to the defendant's proposed voir dire questions.

Mr. Buddhi outlines below a reply to each objection raised by the government.

The government objected to defendant's voir dire question no. 1 based on relevancy. The proposed voir dire question concerning prospective jurors' opinions about the war in Iraq is relevant. In *United States v. Hoffman*, 806 F.2d 703 (7th Cir. 1986), the Seventh Circuit noted that "the district court judge pointedly and specifically advised the jury that '[t]here may be some evidence in this case regarding the religious views of the defendant. And the question is: if it appears that you hear evidence of that nature and the religious views of the defendant are different than your particular views, are there any members of the panel who would

1

hold that against the defendant in this case?'" *Hoffman*, 806 F.2d at 705. The Court noted that two jurors responded that they held a bias against the defendant's religious views and the trial court excluded the two jurors from the panel. In Mr. Buddhi's case, it is similarly proper for the Court to question the jurors about their views of the war in Iraq because the views of the author of the internet postings could be held against the defendant in this case and improperly affect a juror's analysis of the issue of whether the speech is constitutionally protected.

    The government had no objection to the defendant's voir dire question no. 2.

    The government had no objection to the defendant's voir dire question no. 3.

    The government objected to defendant's voir dire questions no. 4 and 5 on relevancy grounds. The questions concerning the prospective jurors' political affiliation is relevant for the reasons outlined above in reply to the government's objection to defendant's voir dire question no. 1. Respectfully, the Court should determine whether jurors are actively involved in political affairs and would therefore find it difficult to suspend their political beliefs and consider whether the internet postings represent constitutionally protected speech without regard to the fact that the postings demean certain political affiliations.

    The government had no objection to defendant's voir dire question no. 6.

    The government objected to defendant's voir dire question no. 7 based on relevancy. The postings concern political affairs, and pure speech that involves public debate on political issues is constitutionally protected speech. It is relevant to ask jurors about the extent of their knowledge of political and world affairs to

determine whether they will be able to properly consider the political context of the speech at issue.

The government had no objection to defendant's voir dire question no. 8.

The government objected to defendant's voir dire question no. 9 on relevancy grounds. The question concerning the religious affiliation of prospective jurors is relevant because the internet postings at issue express hostility toward "Anglosaxons," the majority of whom are similarly religiously affiliated, or at least are more similarly affiliated among each other than they are to those of other ethnic backgrounds. It is relevant to know whether religious affiliation will bias prospective jurors.

The government objected to defendant's voir dire questions no. 10 and 11 based on the claim that the questions are either overly broad and/or irrelevant. The issue before the jury is whether the pure speech in the internet postings is constitutionally protected speech under the First Amendment of the United States Constitution. The jurors' opinions about the First Amendment is relevant to determining whether the jurors can properly apply the law under the First Amendment.

The government objected to defendant's voir dire question no. 12 and urges that "[i]mplicit in the defendant's voir dire question is that the vulgarity and offense language of the words should not be considered in determining their legality. The government believes this misstates the law." (Government's Response at 2.) Indeed, the vulgarity and offensive language of the words in the internet postings should

3

not be considered in determining their legality. In *Watts v. United States*, 394 U.S. 705 (1969), the Supreme Court ruled that the defendant's speech was constitutionally protected because "his only offense here was 'a kind of very crude offensive method of stating a political opposition to the President.'" *Watts*, 394 U.S. at 708. The Supreme Court recognized that "[t]he language of the political arena . . . is often vituperative, abusive, and inexact." *Id.* So therefore, it is crucial and required by Supreme Court law that the vulgarity and offensive nature of the words in the postings have no effect on jurors' analysis of their legality. In *Rogers v. United States*, 422 U.S. 35 (1975) (Marshall, J. concurring), Justice Marshall writing in concurrence recognized the "substantial risk of conviction [under 18 U.S.C. § 871] for a merely crude or careless expression of political enmity." *Rogers*, 422 U.S. at 44. Clearly, the crudeness of the words has no place in determining their legality, and so the voir dire question proposed by the defendant is necessary for a fair trial.

  The government had no objection to defendant's voir dire question no. 13.

  The government objected to defendant's voir dire question no. 14 based on relevancy. The postings at issue involve content that exists in a particular context on the internet. It is relevant to know whether the jurors are familiar with the kinds of discourse that occurs on the internet. For jurors to properly consider the context of the postings, their familiarity with the means through which debate occurs on the internet is relevant to know to properly present a defense.

  The government had no objection to defendant's voir dire question no. 15.

The defendant withdraws voir dire question no. 16.

The government objected to voir dire question no. 17 based on relevancy. The defendant appears to be of foreign origin. It is vital for the defense and the Court to know whether jurors can consider evidence without bias toward the defendant's residency status.

> Respectfully submitted,
> Northern District of Indiana
> Federal Community Defenders, Inc.
>
> By:   s/John E. Martin
>      John E. Martin
>      31 East Sibley Street
>      Hammond, IN 46320
>      Phone: (219) 937-8020
>      Fax:  (219) 937-8021

## CERTIFICATE OF SERVICE

I hereby certify that, on June 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

**Philip Craig Benson**
philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

                s/ John E. Martin