UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:06 CR 63 |
| | ) | |
| VIKRAM S. BUDDHI | ) | |

# O R D E R

Before the court are three pretrial motions *in limine* filed by defendant. (Docket # 70, 75.) The parties are advised that these rulings are conditional, in order to avoid the difficulties discussed in the concurring and dissenting opinions in *Wilson v. Williams*, 182 F.3d 562 (7th Cir. 1999). It is incumbent upon the parties to renew their objections during the trial as appropriate, and, at any time that they believe that evidence precluded by this order might properly be admitted, to approach the bench to bring that to the court's attention and seek relief from the rulings herein.

*1. Defendant's motion to exclude references to defendant's nationality or residency status*

Defendant has moved to exclude all references to defendant's "nationality or residency status." The Government states that it has no objection to this request. The court agrees that such information is irrelevant. The motion is GRANTED.

*2. Defendant's motion to limit the Government's use of the term "steal" (and its variations) with regard to defendant's use of another Purdue student's IP address*

FEDERAL RULE OF CRIMINAL PROCEDURE 404(b) provides that unless the defendant puts his character in issue, the Government may not introduce evidence of "other crimes, wrongs, or acts" to prove his character in order to show that he acted in conformity therewith. However, such evidence may be introduced for other purposes,

"such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. CRIM. P. 404(b). Additionally, acts can be introduced if they are "intricately related" to the offense being tried or complete the story of the charged offense. *United States v. King,* 126 F.3d 987, 995 (7th Cir. 1997). Evidence is "intricately related" to the offense charged if its absence creates a chronological or conceptual void in the story of the crime or is so blended with the crime that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of the charged crime. *United States v. Ramirez,* 45 F.3d 1096, 1102 (7th Cir. 1995). However, even "intricately related" evidence is limited by RULE 403; in other words, the prejudicial effect must not outweigh the probative value of the evidence. *United States v. Richmond,* 222 F.3d 414, 416-17 (7th Cir. 2000).

In this case, defendant's alleged misappropriation of another student's IP address is intricately related to and closely blended with the crimes charged. However, describing defendant's actions as "stealing" creates a danger that the jury will be influenced to infer the criminality of the charged offenses based on the criminal characterization of uncharged conduct. Accordingly, defendant's motion to prevent the Government from characterizing defendant's use of another student's IP address as "stealing" is GRANTED. The Government may argue that defendant used another student's IP address without authorization or permission, but may not describe the activity as "stealing" (e.g., referring to the address as "stolen," describing the activity as a "theft," etc.).

*3. Defendant's motion to exclude references to the December 21, 2005, posting on the Yahoo Finance message board of the stock with the symbol JDSU*

Defendant argues that the indictment does not list December 21, 2005, as a date on which defendant committed an offense. Therefore, according to defendant, the December 21, 2005, Yahoo message board post is irrelevant and would serve only to mislead the jury as they analyze the other posts at issue.

The Government argues that December 21, 2005, falls squarely within the time frame charged in the indictment, and that the post made on that date pertains to the same subject matter and helps to explain defendant's motive and intent regarding the subsequent January 17, 2006, post in which defendant allegedly threatens to destroy various buildings. The Government argues that the evidence should be admitted as an inextricably intertwined part of the case against defendant. The court agrees with the Government and the motion is DENIED.

In sum, the court **CONDITIONALLY GRANTS** the following:
1. *Defendant's motion to exclude any reference of defendant's nationality or residency status (docket # 70);*
2. *Defendant's motion to limit the Government's use of the term "steal" (and its variations) with regard to defendant's use of another Purdue student's IP address (docket # 75).*

The court also **CONDITIONALLY DENIES** the following:
3. *Defendant's motion to exclude any reference to the December 21, 2005, posting on the Yahoo Finance message board of the stock with the symbol JDSU (docket # 70).*

Counsel are expected to govern themselves accordingly and to issue appropriate instructions to all witnesses so as to avoid violating this order.

**SO ORDERED.**

**ENTER:** June 22, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT