UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                            CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Defendant, Vikram S. Buddhi, by counsel, John E. Martin, respectfully submits the attached preliminary proposed jury instructions.[1]

                                  Respectfully submitted,

                                  Northern District of Indiana
                                  Federal Community Defenders, Inc.

                                  By:   s/John E. Martin
                                  John E. Martin
                                  31 East Sibley Street
                                  Hammond, IN 46320
                                  Phone: (219) 937-8020
                                  Fax:   (219) 937-8021

Dated:       June 22, 2007

---

[1] The defense reserves the right to submit revised or supplemental instructions as warranted by developments.

## CERTIFICATE OF SERVICE

I hereby certify that, on June 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

**Philip Craig Benson**
philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

        s/ John E. Martin

# DEFENDANT'S PROPOSED INSTRUCTION NO. 1 (INSERT FOR GOVERNMENT'S PROPOSED INSTRUCTION NO. 8)

The indictment in this case is the formal method of accusing the defendant, Vikram S. Buddhi, of offenses and placing him on trial. It is not evidence against him and does not create any inference of guilt.

The indictment contains eleven counts.

Count One alleges that on or about December 13, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill the President of the United States, George Bush, in violation of Title 18, United States Code, Section 871(a).

Count Two alleges that on or about December 13, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill the Vice-President of the United States, Dick Cheney, in violation of Title 18, United States Code, Section 871(a).

Count Three alleges that on or about December 13, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill and inflict bodily harm on Laura Bush, the wife and immediate family member of George Bush, the President of the United States, in violation of Title 18, United States Code, Section 879(a).

Count Four alleges that on or about December 13, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill and inflict bodily harm on Lynne Cheney, the wife and immediate family member of Dick Cheney, the Vice-President of the United States, in violation of Title 18, United States Code, Section 879(a).

Count Five alleges that on or about December 13, 2005, Vikram S. Buddhi did knowingly transmit in interstate commerce a communication containing a

threat to injure Secretary of Defense Donald Rumsfeld, in violation of Title 18, United States Code, Section 875(c).

Count Six alleges that on or about December 16, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill the President of the United States, George Bush, in violation of Title 18, United States Code, Section 871(a).

Count Seven alleges that on or about December 16, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill the Vice-President of the United States, Dick Cheney, in violation of Title 18, United States Code, Section 871(a).

Count Eight alleges that on or about December 16, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill and inflict bodily harm on Laura Bush, the wife and immediate family member of George Bush, the President of the United States, in violation of Title 18, United States Code, Section 879(a).

Count Nine alleges that on or about December 16, 2005, Vikram S. Buddhi did knowingly and willfully threaten to kill and inflict bodily harm on Lynne Cheney, the wife and immediate family member of Dick Cheney, the Vice-President of the United States, in violation of Title 18, United States Code, Section 879(a).

Count Ten alleges that on or about December 16, 2005, Vikram S. Buddhi did knowingly transmit in interstate commerce a communication containing a threat to injure Secretary of Defense Donald Rumsfeld, in violation of Title 18, United States Code, Section 875(c).

Count Eleven alleges that on or about January17, 2006, Vikram S. Buddhi did willfully, by means and use of an instrument of interstate commerce, the World

4

Wide Web Internet, threaten to unlawfully damage and destroy buildings and real property by means of fire and explosives, in violation of Title 18, United States Code, Section 844(e).

Mr. Buddhi has pleaded not guilty to the allegations.

Federal Criminal Jury Instructions of the Seventh Circuit 2.01 (1999) (modified).

Given          _____

Modified       _____

Refused        _____

Withdrawn  _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Federal Criminal Jury Instructions of the Seventh Circuit 3.07 (1999).

Given         _____

Modified      _____

Refused       _____

Withdrawn     _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 3 (INSERT FOR
GOVERNMENT'S PROPOSED INSTRUCTION NO. 10-21)

To sustain the charges in counts one through eleven of the indictment, the government must prove three propositions.[1]

First, for each count, the government must prove that the defendant caused the statement to be posted on the Yahoo! message board and that he did so knowingly. When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct.[2]

Second, the government must prove that the words expressed are not constitutionally protected speech under the First Amendment of the United States Constitution.[3]

---

[1] The defendant is charged for violations under 18 U.S.C. §§ 871(a), 875(c), 879(a), and 844(e). Sections 871(a) and 879(a) include the words "knowingly and willfully" whereas § 844(e) includes only the word "willfully" and § 875(c) includes neither "knowingly" nor "willfully." However, all four statutory sections require that the government prove that the defendant "knowingly" and "willfully" transmitted in interstate commerce the statement alleged to be a threat. *United States v. Dela Cruz*, 358 F.3d 623, 626 (9th Cir. 2004) (ruling that for a prosecution under § 844(e), the jury instructions "properly stated the necessary elements for conviction" where jury was instructed that it had to find defendant "acted knowingly and willfully" to make the threat); *United States v. Himelwright*, 42 F.3d 777, 782 (3rd Cir. 1994) (recognizing that for a prosecution under § 875(c) the government had "the burden of proving that [defendant] acted knowingly and willfully"). (The defense has put in footnotes citations to support this instruction. The footnotes are not part of the instruction.)

[2] Federal Criminal Jury Instructions of the Seventh Circuit 4.06 (1999).

[3] *Watts v. United States*, 394 U.S. 705, 707 (1969) (whether pure speech is "constitutionally protected speech" or is a "threat" that is a "true threat" are two

To determine whether the words expressed in the posting represent constitutionally protected speech, you should consider the context in which the posting appeared. In determining the context in which the posting appeared, if you find that the posting was part of an on-going public debate concerning political subject matter, the posting represented a kind of political opposition made as part of political argument, or the posting represented political advocacy that is not likely to cause imminent lawless action, then the words expressed in the posting are

---

distinct analyses requiring two distinct sets of facts because "[w]hat is a threat must be distinguished from what is constitutionally protected speech"). Before examining whether the postings are "true threats," because the speech at issue in this case concerns political subject matter that expresses an opinion on public issues, it is required to determine whether the pure speech in this case falls within the category of constitutionally protected speech, a form of speech that rests on "'the highest rung of the hierarchy of First Amendment values'" and has protection apart from all other forms of speech. *National Association for the Advancement of Colored People v. Claiborne*, 458 U.S. 886, 913 (1982) (citation omitted); *see also New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) (recognizing that "the debate on public issues should be uninhibited, robust, and wide-open"). Protected speech examination is in some contexts only - those contexts that indicate that the speech at issue involves expression on public issues - whereas "true threat" analysis is in all contexts concerning pure speech. If it is determined that a form of pure speech does not fall within the category of constitutionally protected speech, the issue then is whether the speech is a "true threat." As the Court notes, the jury may consider whether the speech is politically motivated (District Court's Opinion and Order, docket # 67, at 8) and if that question is put for the jury to consider, then the jury, before applying the "true threat" analysis, must determine whether speech that is politically motivated falls within the category of constitutionally protected speech. If the jury determines that the speech is not constitutionally protected, in its separate analysis of whether the speech is a "true threat," it may consider again as part of the context of the speech the fact that the speech is politically motivated. This instruction is per the well-settled law laid down by the Supreme Court in *Watts v. United States*, 394 U.S. 705 (1969), *Brandenburg v. Ohio*, 395 U.S. 444 (1969), and *Dennis v. United States*, 341 U.S. 494 (1951).

constitutionally protected speech and you must find the defendant not guilty.[4]

Third, if you find that the speech is not constitutionally protected, you must then consider whether the government has proved that the defendant willfully expressed a true threat as defined in these instructions. In determining whether the defendant willfully expressed a true threat as distinguished from political hyperbole, the context in which the words were posted must be considered.[5] You must determine whether an ordinary, reasonable person who reads the posting and who is familiar with the context of the posting would interpret the words expressed in the posting as a serious expression of Mr. Buddhi's intention to carry out the

---

[4] *Watts v. United States*, 394 U.S. 705 (1969) (recognizing that pure speech in the context of political argument and concerning political subject matter or pure speech that is political hyperbole is constitutionally protected speech); *Brandenburg v. Ohio*, 395 U.S. 444, 447-48 (1969) (pure speech that advocates "the use of force or of law violation" cannot be proscribed "except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action."); *Alliance to End Repression v. City of Chicago*, 742 F.2d 1007, 1014 (7th Cir. 1984 (Judge Posner noting: "[i]f . . . a newly organized group of white supremacists vowed to take revenge on Chicago for electing a black mayor, these statements, made by a group with no 'track record' of violent acts, might well be privileged. . . . Or suppose the leaders of a newly formed organization of Puerto Rican separatists went around Chicago making speeches to the effect that, if the United States does not grant Puerto Rico independence soon, it will be necessary to begin terrorist activities on the mainland United States. These speeches could not, in all probability, be made the basis of a prosecution."); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 253 (2002) (internal citation omitted) ("The government may not prohibit speech because it increases the chance an unlawful act will be committed 'at some indefinite future time.'").

[5] *Watts v. United States*, 394 U.S. 705, 708 (1969) (noting that pure speech must be "[t]aken in context" and that pure speech interpreted as "political hyperbole" is not a "true threat").

9

acts.[6] A threat is willfully made if the maker voluntarily and intelligently utters the words as a declaration of an apparent determination to carry out the threat.[7]

If you have found from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of the charge.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of the charge.[8]

---

[6] *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (emphasis in original) ("The test for whether the statement *is* a threat is . . . whether the recipient could reasonably have regarded the defendant's statement as a threat."); *United States v. Bellrichard*, 994 F.2d 1318 (8th Cir. 1993) (ruling that defendant's statements that do not explicitly say that the defendant intends to harm other persons are true threats only if the statements are interpreted as "direct threats of force and violence toward other persons" or "sufficiently direct suggestion[s] of violence"); *Schneider*, 910 F.2d at 1569-71 (ruling as a true threat the defendant's letter that stated, among other things, that a circuit judge would be executed; though the letter was "ambiguous," the letter could be construed as a "true threat" because the evidence showed, among other things, that the defendant had a personal connection to the circuit judge - the circuit judge had entered a default judgment against the defendant - and so the letter could be considered a direct threat of violence toward the judge); *Planned Parenthood v. American Coalition*, 290 F.3d 1058, 1107 fn7 (9th Cir. 2002) (Berzon, J. dissenting) (noting that in a case that required the jury to determine whether there existed a "true threat," the jury was instructed that it was "'not to consider any evidence that the three statements allegedly 'incite' violence against plaintiffs'" and thus the district court through the jury instructions properly "police[d] vigorously the line between inducements and threats.").

[7] *United States v. Hoffman*, 806 F.2d 703, 706 (7th Cir. 1986).

[8] Federal Criminal Jury Instructions of the Seventh Circuit 4.01 (1999).

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

You are not to consider any evidence that the postings allegedly "incite" violence. The mere abstract teaching of the moral propriety or even moral necessity for a resort to force and violence is protected speech under the First Amendment.[1]

---

[1] *Planned Parenthood v. American Coalition*, 290 F.3d 1058, 1107, 1107 fn7 (9th Cir. 2002) (Berzon, J. dissenting) (noting that in a case where the jury had to determine whether there existed a "true threat," "[t]he jury . . . was instructed that 'the mere abstract teaching of the moral propriety or even moral necessity for a resort to force and violence is protected speech under the First Amendment,' and that '[y]ou are not to consider any evidence that the three statements allegedly 'incite' violence against plaintiffs.' and thus the district court through the jury instructions properly "police[d] vigorously the line between inducements and threats."); *see Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 253 (2002) (internal citation omitted) ("The government may not prohibit speech because it increases the chance an unlawful act will be committed 'at some indefinite future time.'").