UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:06 CR 63 |
| | ) | |
| VIKRAM S. BUDDHI | | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip Benson and respectfully requests that the Court include the attached instructions in its charge to the jury, and further requests leave to offer such other and additional instructions as may become appropriate during the course of the trial. (Numbered 1 through 11)

        Respectfully submitted,

        JOSEPH S. VAN BOKKELEN
        UNITED STATES ATTORNEY


        <u>S/ Philip C. Benson</u>
        Assistant United States Attorney

        United States Attorney's Office
        5400 Federal Plaza, Suite 1500
        Hammond, IN 46320

GOVERNMENT'S INSTRUCTION NO. 1


The defendant is charged in Counts 1, 2, 6, and 7, the indictment with violations of Title 18, United States Code, Section 871(a), which states:

"Whoever knowingly and willfully makes any threat to take the life of or to inflict bodily harm upon the President of the United States or the Vice President violates Title 18, United States Code, Section 871(a)"



Title 18 U.S.C. 871(a) - modified to state only relevant parts

GOVERNMENT'S INSTRUCTION NO. 2

Counts 1and 6 charge that the defendant threatened the President of the United States. To sustain the charges in Counts 1 and 6 of the indictment, the government must prove the following propositions:

First: The defendant knowingly and willfully;

Second: Made a true threat, as defined in these instructions;

Third: To take the life of or to inflict bodily harm upon the President of the United States.

If you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

*7th Circuit Pattern Jury Instructions,* 4.01 (modified)

Title 18 U.S.C. 871(a)

*U.S. v. Fuller*, 387 F.3d 643 (7th Cir. 2004)

GOVERNMENT'S  INSTRUCTION NO. 3

Counts 2and 7 charge that the defendant threatened the Vice President of the United States. To sustain the charges in Counts 2 and 7 of the indictment, the government must prove the following propositions:

First: The defendant knowingly and willfully;

Second: Made a true threat, as defined in these instructions;

Third: To take the life of or to inflict bodily harm upon the Vice President of the United States.

If you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

*7th Circuit Pattern Jury Instructions,* 4.01 (modified)

Title 18 U.S.C. 871(a)

*U.S. v. Fuller*, 387 F.3d 643 (7th Cir. 2004)

GOVERNMENT'S INSTRUCTION NO. 4

The defendant is charged in Counts 3, 4, 8, and 9, the indictment with violations of Title 18, United States Code, Section 879(a), which states:

" Whoever knowingly and willfully threatens to kill or inflict bodily harm upon a member of the immediate family of the President or Vice President violates Title 18, United States Code, Section 879(a)."

Title 18 U.S.C. 879(a) - modified to state only relevant parts

GOVERNMENT'S INSTRUCTION NO. 5

Counts 3 and 8 charge that the defendant threatened Laura Bush, the wife and immediate family member of George Bush, President of the United States. To sustain the charges in Counts 3 and 8 of the indictment, the government must prove the following propositions:

First: The defendant knowingly and willfully;

Second: Made a true threat, as defined in these instructions;

Third: To take the life of or to inflict bodily harm upon Laura Bush; and

Fourth: That Laura Bush was an immediate family member of the President of the United States.

If you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

*7th Circuit Pattern Jury Instructions,* 4.01 (modified)

Title 18 U.S.C. 879(a)

*U.S. v. Fuller*, 387 F.3d 643 (7th Cir. 2004)

GOVERNMENT'S INSTRUCTION NO. 6

Counts 4 and 9 charge that the defendant threatened Lynne Cheney, the wife and immediate family member of Dick Cheney, Vice President of the United States. To sustain the charges in Counts 4 and 7 of the indictment, the government must prove the following propositions:

First: The defendant knowingly and willfully;

Second: Made a true threat, as defined in these instructions;

Third: To take the life of or to inflict bodily harm upon Lynne Cheney; and

Fourth: That Lynne Cheney was an immediate family member of the Vice President of
the United States.

If you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

*7th Circuit Pattern Jury Instructions,* 4.01 (modified)

Title 18 U.S.C. 879(a)

*U.S. v. Fuller*, 387 F.3d 643 (7th Cir. 2004)

GOVERNMENT'S  INSTRUCTION NO. 7


The defendant is charged in Counts 5 and 10 the indictment with violations of Title 18, United States Code, Section 875(c), which states:

"Whoever transmits in interstate or foreign commerce any communication containing any threat to injure the person of another, violates Title 18, United States Code, Section 875(c)."


Title 18 U.S.C. 875(c) - modified to state only relevant parts

GOVERNMENT'S  INSTRUCTION NO. 8

Counts 5 and 10 charge that the defendant transmitted in interstate commerce a threat to injure another person, Donald Rumsfeld, then Secretary of Defense. To sustain the charges in Counts 5 and 10 of the indictment, the government must prove the following propositions:

First: The defendant knowingly and intentionally;

Second: Communicated a true threat, as defined in these instructions;

Third: To injure another person:

Fourth: And that the communication traveled interstate commerce

If you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

*7th Circuit Pattern Jury Instructions,* 4.01 (modified)

Title 18 U.S.C. 875(c)

*U.S. v. Fuller*, 387 F.3d 643 (7th Cir. 2004)

GOVERNMENT'S  INSTRUCTION NO. 9

The defendant is charged in Count 11 with a violation of Title 18, United States Code, Section 844(e), which states:

"Whoever, through the use an instrument of interstate or foreign commerce, willfully makes any threat, to unlawfully damage or destroy any building, vehicle, or other real or personal property by means of fire or an explosive violates Title 18, United States Code, Section 844(e)."


Title 18 U.S.C. 844(e) - modified to state only relevant parts

GOVERNMENT'S INSTRUCTION NO. 10

To sustain the charge in Count 11 of the indictment, the government must prove the following propositions:

First: The defendant used an instrument of interstate or foreign commerce;

Second: To make a threat, as defined by these instructions

Third: To unlawfully damage or destroy any building, vehicle, or other real or personal property;

Fourth: by means of fire or an explosive;

Fifth: And that the defendant did this willfully.

If you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

*7th Circuit Pattern Jury Instructions,* 4.01 (modified)

Title 18 U.S.C. 844(e)

GOVERNMENT'S INSTRUCTION NO. 11

To establish a "true threat," the government must prove that the statement came in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon or to take the life of [another individual]. The government is not required to establish that the defendant actually intended to carry out the threat. Guilt is not dependent upon "what the defendant intended, but whether the recipient could reasonably have regarded the defendant's statement as a threat.

*U.S. v. Stewart*, 411 F.3d 825 (7th Cir. 2005), *Khorrami*, 895 F.2d at 1192 (quoting *United States v. Hoffman,* 806 F.2d 703, 707 (7th Cir.1986)) (brackets in original). Whether the letter contains a "true threat" is an objective inquiry. *Aman,* 31 F.3d at 553. In other words, guilt is not dependent upon "what the defendant intended, but whether the recipient could reasonably have regarded the defendant's statement as a threat. *Id.* (quoting *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir.1990)).

*U.S. v. Fuller*, 387 F.3d 643 (7th Cir. 2004)

# Certificate of Service

       I hereby certified that June 22, 2007 I filed *Government's Requested Jury Instructions* with the Clerk of the Court; such filing to be made to the following:

by electronic filing:

John Martin


and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**


                                             S/ Philip C. Benson
                                             Assistant United States Attorney