UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                             CASE NUMBER: 2:06 CR 63

VIKRAM S. BUDDHI

    Defendant.

## DEFENDANT'S MOTION TO PRECLUDE GOVERNMENT WITNESSES WILLIAM BACHMAN, HAYWARD MCMURRAY, AND JOHN NEFF FROM TESTIFYING ABOUT THEIR REACTIONS TO THE INTERNET POSTINGS AT ISSUE

Defendant VIKRAM S. BUDDHI, by counsel John E. Martin, respectfully submits this motion to preclude the government from calling witnesses William Bachman, Hayward McMurray, and John Neff to testify specifically to the fact that they reported the internet postings at issue to authorities and generally to their reactions to the postings. Mr. Buddhi urges that testimony provided by Mr. Bachman, Mr. McMurray, or Mr. Neff concerning their reactions to the internet postings is irrelevant under Rule 401 of the Federal Rules of Evidence and substantially unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. In support of this motion, Mr. Buddhi submits the argument below.

## ARGUMENT

The "reaction a statement generates in those to whom it is communicated is one of the appropriate factors to be considered" in the true threat analysis. *United*

*States v. Hoffman*, 806 F.2d 703, 712 (7th Cir. 1986); *see Watts v. United States*, 394 U.S. 705, 706, 708 (1969) (noting that the defendant's alleged threat was made to "a small discussion group[]" and the "reaction of the listeners" was a relevant fact to consider).

In *Hoffman*, the Seventh Circuit noted the "immediate reaction" of the White House mail-room employee who opened the letter and the Secret Service who were contacted as "clear evidence of the seriousness the recipients of the letter attached to the expression of the intent to harm the President." *Hoffman*, 806 F.2d at 712; *see also United States v. Fuller*, 108 F.3d 1486, 1499-1500 (1st Cir. 1997) (noting that in the case, where the defendant sent an allegedly threatening voice mail to an individual, the reaction of the individual to the alleged threat was relevant evidence); *United States v. Roberts*, 915 F.2d 889, 891 (4th Cir. 1990) (noting that where the defendant had sent an allegedly threatening letter to a Supreme Court Justice, the reactions of those who viewed the letter - the Justice's secretary and the Supreme Court police, the recipients of the letter - were relevant).

Here, in Mr. Buddhi's case, the internet postings at issue appeared on the Yahoo! Finance Board, a message board accessible to anyone of millions on the planet with access to the internet. The "recipients" of the internet postings at issue are innumerable.

The government seeks to present the testimonies of three individuals who reported the postings at issue to the Secret Service and so then make it appear that the reactions of these three individuals represented the reaction the internet

2

postings generated "in those to whom it [was] communicated." *Hoffman*, 806 F.2d at 712.

Neither Mr. Bachman, Mr. McMurray, nor Mr. Neff represent "the recipients" of the internet postings or an equivalent to "the listeners" in *Watts*; neither do they represent "those to whom [the postings were] communicated."

The three government witnesses, Mr. Bachman, Mr. McMurray, and Mr. Neff, are merely three individuals among an audience of at least thousands and potentially millions; they represent "some" recipients; a minuscule portion of "those to whom [the postings were] communicated." The government cannot present the testimonies of the three individuals who reported the statements to the Secret Service as evidence of the reaction "the recipients" had to the postings. If anything, their conduct in reporting the postings is evidence of their uniqueness; it is not evidence of the reaction the postings generated in "those" to whom the postings were communicated. *See United States v. Carmichael*, 326 F.Supp.2d 1267, 1289 (M.D. AL 2004) (citing *United States v. Bellrichard*, 994 F.2d 1318, 1321 (8th Cir. 1993) (stating that "the general rule in the case law is that speech that is broadcast to a broad audience is less likely to a 'true threat,' not more.").

In *Watts* and *Hoffman*, the facts revealed the reactions of all those who heard or read the alleged threats. The totality of their reactions constituted the reactions of "the listeners" or the reaction of "those to whom [the statement was] communicated." Further, in *Watts* and *Hoffman*, a fact finder could interpret the reactions of the listeners or the readers of the alleged threats in only one way; their

3

reactions indicated that they took the threats seriously. Here, in Mr. Buddhi's case, the reactions of Mr. Bachman, Mr. McMurray, and Mr. Neff to the internet postings could be interpreted in numerous ways; the government clearly wants the jury to believe that they interpreted the postings as "true threats" and therefore reported the postings to the Secret Service. It is equally likely that one, two, or all three of them reported the postings because they found the postings crude and offensive toward political figures to whom they had allegiance and therefore retaliated against the author of the postings by calling the Secret Service.[1]

In addition, because their reactions to the postings are not the reactions of "the recipients," any testimony offered concerning their reactions to the postings would invade the province of the jury, which is the sole party charged under the law with the duty to determine how a reasonable person would react to the postings.

For the foregoing reasons, Mr. Buddhi respectfully asks the Court to preclude the government from calling Mr. Bachman, Mr. McMurray, and Mr. Neff to offer testimony concerning their reactions to the internet postings at issue. Their

---

[1] The defense submits the postings on the Yahoo! Finance Board of the poster with username "rozaliakot," annexed as Defense Exhibit A, as evidence of the kind of person who reported the internet postings at issue to the authorities. Mr. Buddhi notes that he received the names and statements of the three individuals only last Friday, June 22, 2007, and the government has refused to disclose the Yahoo! usernames of Mr. Bachman, Mr. McMurray, or Mr. Neff, nor has it disclosed any other personal information regarding these three individuals and so it is impossible for the defense to properly cross examine the three individuals regarding their political beliefs and internet posting history and internet usage habits.

testimonies on this issue are irrelevant under Rule 401 of the Federal Rules of Evidence and substantially unfairly prejudicial under Rule 403 of the Federal Rules of Evidence.

>Respectfully submitted,
>
>Northern District of Indiana
>Federal Community Defenders, Inc.
>
>By:   s/John E. Martin
>      John E. Martin
>      31 East Sibley Street
>      Hammond, IN 46320
>      Phone: (219) 937-8020
>      Fax:  (219) 937-8021

## CERTIFICATE OF SERVICE

I hereby certify that, on June 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

**Philip Craig Benson**
philip.benson@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

    s/ John E. Martin