UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:06 CR 63 |
| | ) | |
| VIKRAM S. BUDDHI | ) | |

### ORDER

Presently before the court is a motion filed by Kota Subbarao Buddhi on June 27, 2007, requesting that the court allow him "to address the Court as *amicus curie*" (docket # 90). Kota Subbarao Buddhi is not a party to this case, nor has he entered an appearance on behalf of any party in this case; rather he states that he is the father of the defendant. (Mot., docket # 90, at 1.) "Historically, *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than advocate a point of view so that a cause may be won by one party or another." *Cmty. Ass'n for Restoration of the Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974 (E.D. Wash. 1999) (citing *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982)). The decision to permit a non-party to participate as an *amicus curiae* is within the discretion of the court. *DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974 (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)); *DeJulio v. Georgia*, 127 F.Supp. 2d 1274, 1284 (D. Ga. 2001); *N.J. Protection and Advocacy, Inc. v. Twp. of Riverside, et al.*, 2006 U.S. Dist. LEXIS 56478. The court may permit a non-party to appear as *amicus curiae* where that party can "contribute to the

court's understanding" of issues presented. *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987).

Kota Subbarao Buddhi's requests that he be allowed to appear in order "to explain the points of law in the case, especially the applicability of ***Watts*** and ***Brandenburg*** to the present case." (Mot., docket # 90, at 2-3) (emphasis in original). In a May 22, 2007 order, the court fully addressed the applicability of both *Watts v. United States*, 394 U.S. 705, 708 (1969) and *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) to the present case, (order, docket # 67), and the court has no intention to revisit the issue. Thus, additional briefing on these cases is of no use to the court. Nor is the court persuaded that permitting Kota Subbarao Buddhi to appear *amicus curiae* will otherwise contribute to the court's understanding of the issues in this case. Kota Subbarao Buddhi's motion to appear amicus curiae (docket # 90) is therefore **DENIED**.

**SO ORDERED.**

**ENTER:** June 28, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT