UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 2:06 CR 63
)
VIKRAM S. BUDDHI )

At the close of the evidence and before the argument of counsel, the Court

indicates that it will give to the jury, after the argument of counsel, Court's

Instructions numbered 1 through 28.

ENTER: June 28, 2007

/s/ James T. Moody

JUDGE, UNITED STATES DISTRICT COURT

COURT'S INSTRUCTION NO. ___1___

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. I will now instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdicts should be.

COURT'S INSTRUCTION NO. _2_

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

I have taken judicial notice of certain facts that may be regarded as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

COURT'S INSTRUCTION NO. _3_

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, to give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;
- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

COURT'S INSTRUCTION NO. 4

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

COURT'S INSTRUCTION NO. _5_

You have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdicts.

COURT'S INSTRUCTION NO. _6_

Certain things are not evidence. I will list them for you:

First, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdicts must not be influenced in any way by such publicity.

Second, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Third, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

COURT'S INSTRUCTION NO. 7

It is proper for an attorney to interview any witness in preparation for trial.

COURT'S INSTRUCTION NO. 8

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt. Upon retiring to the jury room, you will be provided with a copy of the indictment.

The indictment contains eleven counts.

Count 1 charges the defendant with threatening to kill the President on or about December 13, 2005, in violation of Title 18, United States Code, Section 871(a).

Count 2 charges the defendant with threatening to kill the Vice President on or about December 13, 2005, in violation of Title 18, United States Code, Section 871(a).

Count 3 charges the defendant with threatening to kill or inflict bodily harm on Laura Bush, an immediate family member of the President, on or about December 13, 2005, in violation of Title 18, United States Code, Section 879(a).

Count 4 charges the defendant with threatening to kill or inflict bodily harm on Lynne Cheney, an immediate family member of the Vice President, on or about December 13, 2005, in violation of Title 18, United States Code, Section 879(a).

Count 5 charges the defendant with threatening to injure then-Secretary of Defense, Donald Rumsfeld, on or about December 13, 2005, in violation of Title 18, United States Code, Section 875(c).

Count 6 charges the defendant with threatening to kill the President on or about December 16, 2005, in violation of Title 18, United States Code, Section 871(a).

Count 7 charges the defendant with threatening to kill the Vice President on or about December 16, 2005, in violation of Title 18, United States Code, Section 871(a).

Count 8 charges the defendant with threatening to kill or inflict bodily harm on Laura Bush, an immediate family member of the President, on or about December 16, 2005, in violation of Title 18, United States Code, Section 879(a).

Count 9 charges the defendant with threatening to kill or inflict bodily harm on Lynne Cheney, an immediate family member of the Vice President, on or about December 16, 2005, in violation of Title 18, United States Code, Section 879(a).

Count 10 charges the defendant with threatening to injure then-Secretary of Defense, Donald Rumsfeld, on or about December 16, 2005, in violation of Title 18, United States Code, Section 875(c).

Count 11 charges the defendant with using an instrument of interstate commerce to threaten to unlawfully damage and destroy buildings and real property by means of fire and explosives on or about January 17, 2006, in violation of Title 18, United States Code, Section 844(e).

The defendant has pleaded not guilty to the charges.

COURT'S INSTRUCTION NO. ___9___

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdicts. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. A defendant is never required to prove his innocence or to produce any evidence at all.

COURT'S INSTRUCTION NO. 9b

A defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdicts.

COURT'S INSTRUCTION NO. _10_

You have received evidence of a statement said to have been made by the defendant to various individuals.

You must decide whether the defendant did in fact make any such statement or statements. If you find that the defendant did make a statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

COURT'S INSTRUCTION NO. _11_

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

COURT'S INSTRUCTION NO. _12_

The indictment charges that each offense was committed "on or about" certain dates. The government must prove that each offense happened reasonably close to that date but is not required to prove that each alleged offense happened on that exact date.

COURT'S INSTRUCTION NO. _13_

The defendant is charged in Counts 1, 2, 6, and 7 of the indictment with

violating Title 18, United States Code, Section 871(a), which states:

> Whoever knowingly and willfully deposits for
> conveyance in the mail or for a delivery from any post
> office or by any letter carrier any letter, paper, writing,
> print, missive, or document containing any threat to
> take the life of . . . or to inflict bodily harm upon the
> President of the United States [or] the Vice President . . .
> or knowingly and willfully otherwise makes any such
> threat against the President [or] Vice President

commits an offense against the United States.

COURT'S INSTRUCTION NO. 14

For you to find the defendant guilty of violating Section 871(a), as alleged in Counts 1, 2, 6, and 7 of the indictment, you must be convinced that, as to each count, the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant made the statement alleged to be the threat against the President or Vice President as charged in the indictment;

*Second:* That the statement constituted a true threat as defined in these instructions;

*Third:* That the defendant made the statement knowingly and willfully.

Giving separate consideration to each of counts 1, 2, 6, and 7 of the indictment, if you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant guilty as charged in that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant not guilty as charged in that count.

COURT'S INSTRUCTION NO. _15_

The defendant is charged in Counts 3, 4, 8, and 9 of the indictment with

violating Title 18, United States Code, Section 879(a), which states:

> Whoever knowingly and willfully threatens to kill . . .
> or inflict bodily harm upon a member of the immediate
> family of the President [or] the Vice President

commits an offense against the United States.

COURT'S INSTRUCTION NO. _16_

For you to find the defendant guilty of violating Section 879(a), as alleged in Counts 3, 4, 8, and 9 of the indictment, you must be convinced that, as to each count, the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant made the statement alleged to be the threat against an immediate family member of the President or Vice President as charged in the indictment;

*Second:* That the statement constituted a true threat as defined in these instructions;

*Third:* That the defendant made the statement knowingly and willfully;

*Fourth:* That the subject of the threat was an immediate family member of the President or Vice President of the United States.

Giving separate consideration to each of counts 3, 4, 8, and 9 of the indictment, if you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant guilty as charged in that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable

doubt as to the particular count you are considering, then you should find the

defendant not guilty as charged in that count.

COURT'S INSTRUCTION NO. 17

As used in these instructions the term "immediate family" includes the wife of the President and the wife of the Vice President of the United States.

COURT'S INSTRUCTION NO. 18

The defendant is charged in Counts 5 and 10 with violating Title 18, United

States Code, Section 875(c), which states:

> Whoever transmits in interstate or foreign commerce
> any communication containing . . . any threat to injure
> the person of another

commits an offense against the United States.

COURT'S INSTRUCTION NO. 19

For you to find the defendant guilty of violating Section 875(c), as alleged in Counts 5 and 10 of indictment, you must be convinced that, as to each count, the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant made the statement alleged to be the threat against Donald Rumsfeld as charged in the indictment;

*Second:* That the statement constituted a true threat as defined in these instructions;

*Third:* That the defendant made the statement knowingly and intentionally;

*Fourth:* That the communication traveled in interstate commerce.

Giving separate consideration to each of counts 5 and 10 of the indictment, if you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant guilty as charged in that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant not guilty as charged in that count.

COURT'S INSTRUCTION NO. _20_

I hereby instruct you that the internet is an instrument of interstate commerce.

COURT'S INSTRUCTION NO. _21_

The defendant is charged in Count 11 with violating Title 18, United States

Code, Section 844(e), which states:

> Whoever, through the use of the mail, telephone,
> telegraph, or other instrument of interstate or foreign
> commerce, or in or affecting interstate or foreign
> commerce, willfully makes any threat . . . unlawfully to
> damage or destroy any building, vehicle, or other real or
> personal property by means of fire or an explosive

commits an offense against the United States.

COURT'S INSTRUCTION NO. _22_

For you to find the defendant guilty of violating Section 844(e), as alleged in Count 11 of the indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant made the statement alleged to be a threat to damage or destroy a building, vehicle, or other real or personal property by means of explosive device as charged in the indictment;

*Second:* That the statement constituted a true threat as defined in these instructions;

*Third:* That the defendant made the statement willfully;

*Fourth:* That the communication traveled in interstate commerce.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty as charged in Count 11.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty as charged in Count 11.

# COURT'S INSTRUCTION NO. 24

A threat is knowingly made if the maker of it comprehends the meaning of the words uttered by him.

A threat is willfully made if in addition to comprehending his words the maker voluntarily and intelligently utters the words as a declaration of an apparent determination to carry out the threat.

A "true threat" is a serious threat as distinguished from words uttered as mere political argument, idle talk, or jest.

Before you can convict the defendant under the law, you must be convinced beyond a reasonable doubt that the defendant intentionally made the statement with which he is charged in the context and under such circumstances that a reasonable person would foresee that the statement would be interpreted by persons reading it as a serious expression of an intention to inflict bodily harm upon or to take the life of another person.

In determining whether words were uttered as a true threat, the context in which they were spoken must be considered.

The government is not required to establish that the defendant actually intended to carry out the threat.

COURT'S INSTRUCTION NO. _25_

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdicts have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your foreperson will fill in and date the forms, and each of you will sign them.

COURT'S INSTRUCTION NO. _26_

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

COURT'S INSTRUCTION NO. _27_

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at that time.

COURT'S INSTRUCTION NO. _28_

The verdicts must represent the considered judgment of each juror. Your verdicts, whether they be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach verdicts. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning unanimous verdicts.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.